# Wingert, Appellant, *v.* Teitrick.

*Practice, C. P.—Trial by court without a jury—Exceptions—Act of April 22, 1874, P. L. 109.*

A party who has not filed exceptions within thirty days after notice of the decision of the court in a case tried by the court without a jury, cannot thereafter file exceptions. Where, on appeal, the record shows that no such exceptions were filed, the appeal will be quashed.

188     WINGERT, Appellant, *v.* TEITRICK.

Statement of Facts—Opinion of the Court. [31 Pa. Superior Ct..

Argued May 8, 1906.  Appeal, No. 105, April T., 1906, by plaintiff, from judgment of C. P. Jefferson Co., Aug. T., 1904, No. 14, for defendant on case tried by the court without a jury in suit of William Wingert v. Reed B. Teitrick.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Appeal quashed.

Motion to quash appeal.

The opinion of the Superior Court states the case.

. *A. L. Cole*, with him *F. Blake Kuntz*, for appellant.

*B. M. Clark*, with him *W. N. Conrad, E. Heath Clark* and *Andrew B. Stewart*, for appellee.

PER CURIAM, June 30, 1906 :

The first reason assigned in support of the motion to quash this appeal is : " Because the record shows that the appellant, who was the plaintiff below, did not file exceptions to the decision of the court below within thirty days after notice to him that said decision had been filed in the office of the prothonotary where the case was pending, as is required by section 2 of the Act of Assembly entitled ' An act to provide for the submission of civil cases to the decision of the court, and to dispense with trial by jury,' approved April 22, 1874, P. L. 109." In Harris v. Mercur, 202 Pa. 313, it was held that a party who has not filed exceptions within thirty days after notice of the decision of the court, cannot thereafter file exceptions, although permitted to do so by the trial court, and this is the case although the other party has filed exceptions within the thirty days.  Accordingly the certiorari was quashed.  The practice under the act was considered, and thus outlined in the opinion of Mr. Justice MESTREZAT : " On the trial of a·cause under the act, the parties may except to any ruling of the court in like manner as if it were being tried before the court and a jury.  The court is required to file its decision in the prothonotary's office of which notice shall be given the parties· or their attorney, ' and if no exceptions thereto are filed in the proper office within thirty days after service of such notice, judgment shall be entered thereon by the prothonotary or clerk.'  Both

parties are thus given an opportunity to call the attention of the court to any finding of fact or conclusion of law which may be adverse to them and which they may regard as erroneous. That they will except to any alleged error is clearly contemplated by the act. The court is then required to reconsider its findings and can correct any errors before the entry of final judgment. If either party is dissatisfied with the rulings on the exceptions filed, he should request that an exception be noted. If he neglects to do so he should be considered as having acquiesced in the decision." This is a much plainer case for enforcing strictly this provision of the act, because the appellant did not file exceptions in the court below at any time, nor did he make application to that court for leave to do so. In view of this conclusion the other reasons assigned in support of the motion need not be considered.

The motion of the appellee to quash the appeal is allowed, and the appeal is quashed.