Strand *v.* Glasgow, Inc.

Argued October 8, 1971, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Paul W. Callahan,* with him *Fox, Differ, Mazer & Callahan,* for appellant.

*John G. Kaufman,* with him *Bean, DeAngelis, Kaufman & Giangiulio,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 10, 1972:

In June of 1971, acting upon a complaint in mandamus filed by the appellee, Glasgow, Inc., the Court of Common Pleas of Montgomery County issued an order directing appellant, the Zoning Officer and Building Inspector of Plymouth Township to grant appellee a building permit in accordance with an application filed with the township in March of 1971. The appellant appealed from the order of the lower court to this Court; whereupon appellee filed a motion to quash the

appeal on the grounds that exceptions to the ruling of the lower court had not been filed and that the order of the lower court was interlocutory and unappealable. Argument was limited to the narrow issues presented by the motion to quash. We hold that the motion to quash the appeal is denied.

Initially we will consider the jurisdictional propriety of this Court. The Act of June 8, 1893, P. L. 345, 12 P.S. §1975, specifically authorizes appeal from any writ of mandamus issued by any court of common pleas. This authorization of appeals in mandamus proceedings was recognized by the Supreme Court of Pennsylvania in *Unger v. Hampton Township*, 437 Pa. 399, 263 A. 2d 385 (1970).

Although appeals were authorized by statute to the Supreme Court, jurisdiction in such matters has since been more specifically vested in this situation in the Commonwealth Court by the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. 673, Art. IV, Section 402, 17 P.S. 211.402(4). See also, *Ribblet v. Westrick*, 341 Pa. 484, 19 A. 2d 394 (1941); *Bono v. Trommes*, 201 Pa. Superior Ct. 449, 193 A. 2d 762 (1963).

Appellee contends that, according to Rules 1099 and 1038 of the Pennsylvania Rules of Civil Procedure, 12 P.S. App. R. C. P. 1099 and 1038, appellant was required to file exceptions to the ruling of the lower court. Rule 1099 provides that "actions in mandamus by a Judge sitting without a jury shall be in accordance with Assumpsit Rule 1038." Rule 1038 provides that any party to the decision may file exceptions to the decision within twenty days and further that "matters not covered by exceptions are deemed waived . . . ."

We hold that exceptions need not be filed where, as here, it is the ultimate decision to grant the mandamus that is being contested and not a specific preliminary

ruling by the Judge that led up to that final decision. Appellant is contending that it was *fundamental error* on the part of the lower court to issue this writ of mandamus. In *Commonwealth v. Williams,* 432 Pa. 557, 563-564, 248 A. 2d 301 (1968) it was said by the Supreme Court: *"However, this general rule* [that appellant's failure to take an exception to the charge prevents appellate consideration of any errors therein] *will not be applied* where there is basic and fundamental error which affects the merits of the case . . . ." (emphasis in original). *See also Commonwealth v. Panetta,* 387 Pa. 452, 487, 178 A. 2d 81 (1957) ; *Patterson v. Pittsburgh Rys. Co.,* 322 Pa. 125, 185 A. 283 (1925) ; *Marlowe v. Travelers Ins. Co.,* 313 Pa. 430, 432, 169 A. 100 (1933).

Since the basis of appellant's appeal is that this grant of mandamus was fundamentally erroneous, his failure to specifically object to that ruling does not preclude appellate review. The purpose of an exception is to give formal notice that the excepting party does not acquiesce in a particular ruling. *Gates v. Keichline,* 282 Pa. 584, 128 A. 490 (1925). Appeal of that final ruling on the grounds that it is fundamentally erroneous serves the same purpose.

In further support of appellant's position to deny the motion to quash is the Act of May 11, 1911, P. L. 279, §6, 12 P.S. §1201, which provides: "Whensoever the decision of a court of record shall appear in the proceedings of a case, it shall not be necessary, for the purpose of a review of that decision, to take any exception thereto; . . . ." We hold that this statute is directly applicable to the instant situation and conclusive of the issue raised.

Appellee finally urges that the grant of mandamus was interlocutory and thus unappealable. We do not agree. The writ was final on its face and ordered is-

suance of the building permit only upon payment of fees. There were no other conditions imposed. More importantly, 12 P.S. §1975, *supra,* specifically authorizes appeal of a writ by providing: "The party aggrieved by the proceedings had in any court of common pleas upon any writ of mandamus may remove the same . . . into the [Commonwealth] Court, by appeal, as in other actions at law . . . ." This section is dispositive of appellee's contention. Motion to quash denied.