Helen Sweeney, Appellant, *v.* Lakeland School District, Appellee.

Argued April 2, 1974, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Paul H. Price,* with him *Oliver, Price and Rhodes,* for appellant.

*James A. Kelly,* with him *Carey, Kelly & Walker,* for appellee.

OPINION BY JUDGE ROGERS, May 8, 1974:

This is an appeal from a judgment entered in the Court of Common Pleas of Lackawanna County in favor of Lakeland School District, defendant in an assumpsit action brought by Helen Sweeney to recover a portion of salary allegedly due for her services as a professional employe of the defendant.

Sweeney's complaint was filed in August of 1969. The defendant filed preliminary objections which the court below dismissed. This action was appealed to the Superior Court, which affirmed the lower court in November 1970. The school district filed a responsive answer in December 1970. The matter languished until January of 1973 when counsel for the parties filed a document labeled "Case Stated." The court below filed a writing entitled Memorandum & Verdict, which concludes with an order dismissing the complaint and

entering a verdict in favor of the defendant. The court's action was based upon its conclusion that the plaintiff failed to assert or demonstrate the existence of a written contract between the plaintiff and defendant. The plaintiff then filed a petition alleging that a written contract in fact existed and praying for a rule to show cause why she should not be permitted to produce the contract for consideration in the case. The court below examined the proferred written contract and construed it as obliging the school district to pay salary increases mandated by the Legislature but as not imposing upon the district any obligation to pay salary in excess of that mandated or, indeed, any salary not a part of an established salary schedule.[1] The court thereupon dismissed the plaintiff's petition for rule and entered judgment for the defendant from which this appeal is taken.

From the pleadings and the so-called case stated, some but, as we will point out, not all of the essential facts are established. The plaintiff and the Scott Township School District entered into a written agreement dated September 1, 1964 by which the plaintiff agreed to serve as a professional employe of the school district for an annual compensation of $6300. The contract is made expressly subject to the provisions of the

---

[1] While the matter is not crucial to our decision herein, we deem it important in view of our disposition of the case to state that we disagree with the court's construction. The statutory form of contract properly construed includes the obligation of the district to pay that salary fixed each year by the board, which, of course, must equal the state mandated minimum. The district's obligation to pay a salary increment fixed by the board is not, as the lower court held, limited in a particular case by the phrase "to increase . . . as may be provided under the provision and proper operation of the established salary schedule, if any, for the school district." to the salary such a schedule would indicate. Section 1152 of the Public School Code, 24 P.S. §11-1152 gives boards wide discretion to increase salaries on an individual basis.

Public School Code of 1949, is to continue in force from year to year, and reserves to the school board the right to increase the plaintiff's compensation from time to time. It is verbatim the form required to be used by Section 1121 of the Public School Code of 1949, 24 P.S. §11-1121.

On July 19, 1967 the Board of School Directors of Scott Township duly adopted a resolution which increased the salary of its professional employes, including the plaintiff, by the sum of $300 "over and above the State mandated salaries." The salary paid to the plaintiff by Scott Township School District for her services during the school year 1967-68 was the State mandated salary plus $300, but we are not told the total amount.

On May 1, 1968 the School District of Scott Township joined with four other school districts in a written agreement, effective upon execution, for the establishment of a joint school district to be known as the Lakeland Joint School District. The agreement, *inter alia*, provided:

"(3) As needed or required, the Joint School Board Secretary shall calculate and compile the total current costs and salaries due for the operation of the Jointure for that specific period. The Joint Board Secretary shall then prepare statements of the payments due to be made by each component member district of the Jointure, in the amount stipulated by virtue of that district's share of its assessed valuation of real estate in proportion to the total Jointure amount of its entire Jointure assessed valuation. The Joint Board Secretary shall then forward such notices of payments due to the said component districts."

The Lakeland Joint School District did not pay the plaintiff $300 more than the State mandated minimum salary for her services performed during the school year

1968-1969; but we are not told what amount in total was paid.

The defendant, the Lakeland School District, is a reorganized district, established July 1, 1969 from the former districts, including Scott Township School District, which were parties to the joint school agreement of May 1968. It was, of course, created as required by those additions to the Public School Code of 1949 known as the School Reorganization Act, Act of August 8, 1963, P.L. 564, 24 P.S. §2-290, once popularly known as Act 299. Lakeland School District, as had the jointure, failed to pay the plaintiff $300 more than her State mandated minimum salary, but again we are not told the total paid.

The defendant has filed a motion to quash this appeal, with which we will first deal briefly. It is based on old cases holding that an appeal may not be taken from a judgment entered on a case stated unless the statement itself contains a reservation of a right of appeal, which that in this case lacks. *Commonwealth v. Callahan*, 153 Pa. 625 (1893); *Morgan v. Mercer County*, 8 Pa. Superior Ct. 96 (1898). See *Frankel v. Reliance Mutual Life Insurance Company of Illinois*, 199 Pa. Superior Ct. 295, 184 A.2d 305 (1962). The immediate difficulty with this argument is that the so-called case stated is inartful generally and in particular fails to inform the court respecting the form and substance of the judgment to be entered and, indeed, contains no agreement that the court should enter any judgment. The court below astutely recognized the uncertainty of the procedures employed by the parties and by its first order entered a *verdict,* not judgment, in favor of the defendant. See *Morgan v. Mercer County, supra.* Further, the defendant's contention that the court's order was not appealable runs counter to Section 9, Article V of the State Constitution

as amended in 1968, providing a right of appeal from a court of record.

On the merits, reference must first be made to the provisions of the Public School Code relating to the compensation of professional employes and in particular teachers. Sections 1141 through 1155 as copiously amended, 24 P.S. §§11-1141 through 11-1155. Section 1121, 24 P.S. §11-1121 requires a written contract to pay a yearly salary fixed by the board of directors. Section 1142, 24 P.S. §11-1142 provides for minimum salaries and mandatory increments for teachers, supervisors, principals, supervising principals and certain other specialists. The yearly increment is fixed at $300. Section 1152, 24 P.S. §11-1152 permits boards to fix salaries in excess of the State mandated minimums either for classes or, as we have previously noted, for individuals. Salaries may be reduced only as provided by Section 1151 of the Code, 24 P.S. §11-1151, which is as follows:

"The salary of any district superintendent, assistant district superintendent or other professional employe in any school district may be increased at any time during the term for which such person is employed, whenever the board of school directors of the district deems it necessary or advisable to do so, but there shall be no demotion of any professional employee either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe."

The case stated, as we have noted, informs us that the Scott Township School District agreed to pay the plaintiff $300 more than the state mandated minimum. It does not tell us what the amount of the plaintiff's

yearly salary thereby became. Nor does it reveal what yearly salary was fixed by the board of the jointure for the year 1968-1969, or by the defendant, the reorganized Lakeland School District, for the year 1969-1970. We are not, therefore, told whether the plaintiff's salary as established by Scott Township District was reduced contrary to Section 1151, 24 P.S. §11-1151.

If the plaintiff's salary was fixed by the joint board and the reorganized board at annual amounts at least equal to the amount agreed to and paid by the Scott Township School District for the year 1967-1968, the plaintiff would not be entitled to more; provided, of course, that the amounts paid complied with the state mandated minimums. Stated otherwise, the Public School Code requires that the professional employe's salary must be fixed at a yearly amount at least equal to the statutory minimum and that it may not thereafter be reduced except in compliance with section 1151. If it is the plaintiff's contention that the action of the Scott Township School District in fixing her salary at $300 above the state mandated salary imposed a continuing obligation on its successors to pay her each year an amount equal to $300 more than the state mandated minimum, even if the amount actually paid is not less than Scott agreed to pay and complies with the statutory minimum, such contention is without merit. On the other hand, if it is the defendant's contention that as the result of jointure and reorganization, the plaintiff's yearly salary may be fixed at an amount less than she received during the last year of the Scott School District's separate operation without compliance with section 1151, then such contention is equally without merit.[2]

---

[2] It seems that the defendant may be contending that the joint district and the reorganized district were not obliged to honor contracts of constituent or former component districts. They were.

The case stated is deficient because it does not contain all of the material facts necessary to be agreed upon for judgment and no judgment should have been entered thereon.

Judgment reversed; and a venire facias de novo awarded.

Judge MENCER concurs in the result only.

---

By the nature of joint school districts and indeed by express terms of agreement in this case, Scott Township School District did not cease existence in May of 1968 when it entered the jointure. The reorganized Lakeland School District by law acquired not only the assets but also the liabilities and obligations of the component districts. Section 298(a) of subdivision I (eye) of Article II of the School Code, added by the School Reorganization Act of 1963, 24 P.S. §2-298(a), provides that all rights of others against any component former school district shall be preserved against the newly established district. We can think of no rights more important to protect than those of professional employes to the amounts of compensation established by their component former school district employers.