Richard Lundvall, Caroline Buck, Lewis Dougherty, Martha Eppley, Catherine Flowers, Isaiah Harley, Harold Hengst, Jane Hoffman, Ned Hoffmeister, Kae Holmes, Christine Kelley, J. A. Judge, James Imler, Virginia Kirssin, James Lange, Virginia Pheasant, Barbara Purcell, John Orris, Clyde Rohland, Jean Romberger, Louise Russell, Philip Schmelzle, June Seeds, Florence Sommerville, Charles Stoops, Caroline Stump (Demilio), Darla Troutman (Gabriel), Edna Wanamaker, O. Dale Wolgemuth and Earl Yost, Appellants *v.* Camp Hill School District.

Submitted on briefs, March 22, 1976, to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Clarence C. Morrison,* with him *Morrison & Atkins,* for appellants.

*Thomas I. Myers,* with him *James D. Flower,* and *Myers, Myers, Flower & Johnson,* for appellee.

Opinion by Judge Rogers, June 22, 1976:

The appellants here were the plaintiffs below against whom judgment was entered after a trial before a judge without a jury. The appellee, the defendant below, has moved to quash the appeal.

The appellants are thirty teachers of the Camp Hill School District who in September 1971 filed suit in assumpsit against the school district alleging that they were owed money because of the failure of the school district to give proper observance to its salary schedule.

Matters concerning the pleadings and a motion for judgment were finally completed and the case went to trial September 22, 1975, before Judge Warren G. Morgan, sitting specially. At trial a stipulation of facts was read into the record, a witness testified on behalf of the school district, and the factual issues resolved except for the identification and verification of local salary schedules for the years 1956 through 1965. It was agreed that the parties would attempt to enter this evidence by stipulation. Without conducting further hearings, the trial judge, after advising counsel informally of his determination that this further evidence was irrelevant to a decision of the matter, filed his decision on November 26, 1975, denying relief to the teachers. Judgment for the defendant was entered by praecipe on December 22, 1975 and this appeal by the plaintiffs followed. The plaintiffs did not file exceptions to the trial judge's decision in the court below.

The school district's motion to quash is grounded on the plaintiffs' failure to file exceptions to the trial judge's decision as required by Pa.R.C.P. No. 1038(d) applicable to trials by a judge sitting without a jury, which provides: "(d) Within twenty (20) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part there-

of, to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. No motion for a new trial, for judgment non obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed.''

The appellants first respond to the motion by asserting that the action was ''in the nature'' of a case stated not requiring the filing of exceptions.

As stated in Standard Pennsylvania Practice: ''A case stated must be distinguished from a case tried by a court without jury upon stipulated facts, because on a case stated the parties submit an agreed statement of facts for the *judgment* of the court, whereas upon a trial without jury upon admitted facts the case is submitted for the *decision* of the court, in which latter case the court renders a decision instead of entering judgment.'' 6 Standard Pennsylvania Practice 40 (1960). (Emphasis in original.)

In *Sweeney v. Lakeland School District,* 13 Pa. Commonwealth Ct. 485, 319 A.2d 207 (1974), we awarded a venire facias de novo where a case stated was deficient because it did not contain all material facts necessary for judgment and judgment should not have been entered. The teachers argue that the instant case is ''in the nature'' of a case stated, and that because material facts necessary for decision were not adduced, they should be awarded a venire facias de novo.

This case was commenced, proceeded with and disposed of as a suit in assumpsit tried before a judge without a jury. A pretrial memorandum prepared by President Judge SHUGHART states that it was to be a

case tried by a judge sitting without a jury. The lower court's opinion, by the trial judge, Judge WARREN G. MORGAN, calls it a case tried by him sitting without a jury. Evidence, in the form of a stipulation and by testimony was presented at a trial. It was not a case stated or anything in the nature thereof.

The appellants in the alternative urge us to remand the record with leave to file exceptions to the trial judge's decision *nunc pro tunc*. They cite *Slotsky v. Gellar,* 455 Pa. 148, 314 A.2d 495 (1974), an action governed by rules relating to equity, particularly Pa. R.C.P. Nos. 1517-1518, where our Supreme Court remanded the record to afford the appellant a reasonable opportunity to file exceptions. The facts in *Slotsky* are considerably different from those in the instant case. There the trial judge's adjudication to which no exceptions were filed was rendered orally and not transcribed or docketed until some eight months after the appeal from the trial judge's oral pronouncement from the bench had been taken. Our Supreme Court believed that although the appeal was premature and should be quashed, justice required that the record be remanded for an opportunity to file exceptions to the trial judge's formal adjudication.

In the instant case, the trial court's opinion and decision was duly filed and docketed with full opportunity for the filing of exceptions. We discern no reason here for departing from the settled principle that no appeal will lie from a decision of the trial judge sitting without a jury unless exceptions are filed in the court below and disposed of there. Pa. R.C.P. No. 1038 in this respect is not inconsistent with the Act of April 22, 1874, P.L. 109, *as amended,* 12 P.S. §689, and the cases decided under that Act continue as good authority under the Rule. *See Meitner v. Scarborough,* 321 Pa. 212, 184 A. 81 (1936); *Frankel*

*v. Reliance Mutual Life Insurance Company of Illinois,*
199 Pa. Superior Ct. 295, 184 A.2d 305 (1962).

Appeal quashed.

Judge KRAMER did not participate in the decision in this case.