James J. Ravenell *v.* Harrisburg Housing Authority, et al., Appellants.

Argued December 10, 1976, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Charles W. Johnston, Jr.,* with him *Handler, Gerber and Weinstock,* for appellants.

*Bruce E. Cooper,* with him *Cooper, Friedman & Butler,* for appellee.

OPINION BY JUDGE BLATT, March 9, 1977:

The Harrisburg Housing Authority (Authority) appeals to this Court from an order issued by the Court of Common Pleas of Dauphin County directing the Authority to reinstate James J. Ravenell to his former position as administrative assistant and to give him both back pay and reimbursement for the costs of his suit in mandamus.

The Authority has raised two issues in this appeal: (1) whether or not the court below erred when it issued an adjudication on the merits of the case without disposing of preliminary objections which the Authority alleges to be still outstanding; and (2) whether or not the decision of the court below is supported by the evidence. The record reveals, however, that the Authority has failed to comply with the Pennsylvania Rules of Civil Procedure, and we are, therefore, unable to consider the merits of its appeal.

Pa. R.C.P. No. 1099 provides that where, as here, an action in mandamus is tried by a judge sitting without a jury, the trial is governed by Pa. R.C.P. No. 1038, found in that section of the rules concerning assumpsit actions. Initially, we note that Pa. R.C.P. No. 1038(e) requires a party to praecipe the prothonotary to enter final judgment on the order of the lower court. This has not been done here, and we have previously held that an appeal brought from an order of the low-

er court which is not a final judgment is premature. *Kane v. Allegheny County Retirement Board,* 7 Pa. Commonwealth Ct. 262, 299 A.2d 686 (1973).

Although the error just noted would alone require the case to be remanded to the court below for the entry of a final judgment, there is an even more serious procedural error in the Authority's failure to file exceptions.

Pa. R.C.P. No. 1038(d) provides:

Within twenty (20) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. No motion for a new trial, for judgment non obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed.

In the recent case of *Lundvall v. Camp Hill School District,* 25 Pa. Commonwealth Ct. 248, 362 A.2d 482 (1976) (allocatur denied), this Court granted a motion to quash an appeal from a decision of a lower court judge in an assumpsit action when no exceptions were filed as provided by Pa. R.C.P. No. 1038(d). There we said:

In the instant case, the trial court's opinion and decision was duly filed and docketed with full opportunity for the filing of exceptions. We discern no reason here from departing from the settled principle that no appeal will lie from a decision of the trial judge sitting without a jury unless exceptions are filed in the court below and disposed of there. Pa. R.C.P. No. 1038 in

this respect is not inconsistent with the Act of April 22, 1874, P.L. 109, as amended, 12 P.S. §689, and the cases decided under that Act continue as good authority under the Rule. See Meitner v. Scarborough, 321 Pa. 212, 184 A. 81 (1936); Frankel v. Reliance Mutual Life Insurance Company of Illinois, 199 Pa. Superior Ct. 295, 184 A.2d 305 (1962).

*Lundvall, supra,* 25 Pa Commonwealth Ct. at 252, 362 A.2d at 484.

Although we do not have a motion to quash before us here, we cannot ignore the unequivocal language of Pa. R.C.P. No. 1038(d) which clearly provides that "[m]atters not covered by exceptions are deemed waived...." Moreover, our review on appeal is limited to a determination of whether or not the lower court erred when it disposed of whatever exceptions were brought before it:

> The preliminary finding of the judge is neither a verdict nor a judgment. It cannot be reviewed on appeal. The act [Act of April 22, 1874, P.L. 109] provides that exceptions shall be taken to the findings and conclusions and *it is from the court's decision upon these exceptions that an appeal must rest....* (Citation omitted and emphasis added.)

*Meitner v. Scarborough,* 321 Pa. at 214, 184 A. at 82.

We believe, therefore that appellate review by this Court at this time is impossible, and the Court is consequently left with no alternative but to quash this appeal sua sponte.

### ORDER

AND Now, this 9th day of March, 1977, the appeal of the Harrisburg Housing Authority is hereby quashed.