Bridgeview Apartments, Inc. *v.* Robert D. Brady et al. Robert D. Brady, G. Roger Bowers, Theodore R. Zajac, Stephen S. Kelly, Warren Brady and Henry George, Appellants.

Argued April 6, 1977, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Leslie G. Dias,* with him *Henry F. Huhn,* for appellants.

*William J. Fuchs,* with him *Gordon L. Keen, Jr.,* and *Obermayer, Rebmann, Maxwell & Hippel,* for appellee.

OPINION BY JUDGE MENCER, July 18, 1977:

This appeal has been taken by the supervisors and other officers of Bensalem Township in Bucks County (hereinafter Township) from the lower court's order directing them to issue certain zoning and building permits to Bridgeview Apartments, Inc. Bridgeview had brought an action in mandamus when the Township refused to reissue permits which had been originally granted in 1971. Since the lower court entered judgment without giving the Township an opportunity to file exceptions and without the ruling on such exceptions by the court en banc, as provided in Pa. R.C.P. No. 1038,[1] we reluctantly must remand.

In its opinion,[2] the lower court stated the relevant facts as follows:

[I]n March, 1971 plaintiff's [Bridgeview's] predecessor[1] made applications for zoning and

[1] There is no dispute regarding the standing of our present plaintiff or its right to the relief it seeks assuming that either it or the predecessors in title would be so entitled.

building permits and also for site plan approval in order to construct certain apartment dwellings on two tracts of land owned by it in Bensalem Township. At that time the effective zoning ordinance permitted such use. Subsequently thereto, plot plans were submitted and a second

[1] Pa. R.C.P. No. 1099 makes Pa. R.C.P. No. 1038 applicable to mandamus actions tried by a judge sitting without a jury. The lower court did not decide this case under Pa. R.C.P. No. 1098 (peremptory judgment in mandamus actions).

[2] Reported at 28 Bucks Co. L. Rep. 323 (1976).

set of plot plans showing water, sewage, surface drainage and elevations. Site plan approvals were granted, building and zoning permits were granted and an agreement entered into between the township and the plaintiff regarding this development. As a result of the approvals and permits rendered plaintiff completed settlement upon the real estate in question under which it held equitable title previously under an agreement of sale, and work began upon the land in the nature of staking and earth moving at a total cost of approximately $40,000. Shortly thereafter due to some financing difficulties construction was stopped and it was not until December of 1973 that the plaintiff decided to continue with the project. At that time the plaintiff applied for a re-issuance of the building and zoning permits and this application was refused.

The lower court "ordered, directed and decreed that judgment be entered in favor of the plaintiff."

In its appeal to this Court, the Township has argued, in the alternative, that (1) the case should be remanded for the filing and disposition of exceptions to the decision of the court below, (2) the Township never had the authority under the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10101 et seq., to approve Bridgeview's plans,[3] and (3) approval of the

---

[3] The Township argues that, since it had not passed a *subdivision and land development* ordinance, under Section 502 of the MPC, 53 P.S. §10502, Bridgeview could only obtain authorized approval of its plans from the County. Bridgeview has countered this argument by taking the position that, since a one-sentence provision of the Township's *zoning* ordinance provided a general procedure for the issuance of permits, the Township had the authority to approve Bridgeview's plans.

plans was unlawful for failure to comply with public-meeting requirements under the MPC and the so-called Right-to-Know Act, Act of June 21, 1957, P.L. 392, *as amended*, 65 P.S. §251 et seq.

The applicable procedure in this case is found in Pa. R.C.P. No. 1038, which provides, in pertinent part:

(b) The decision of the trial judge may consist only of general findings as to all parties but shall dispose of all claims for relief. The trial judge may, if he wishes, include as part of the decision specific findings of fact and conclusions of law with appropriate discussion.

(c) The decision may be made orally in open court at the end of the trial, and in that event shall be forthwith transcribed and filed in the office of the prothonotary, or it may be made thereafter in writing and filed forthwith. . . .

(d) Within twenty (20) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. No motion for a new trial, for judgment non obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed.

(e) The prothonotary shall, on praecipe, enter final judgment on the decision if no exceptions have been filed within the twenty (20) day period or if a waiver in writing of the right to file exceptions signed by all parties has

been filed. Except as provided by Rule VII of the Special Rules, Courts of Common Pleas, First Judicial District, Philadelphia County, promulgated July 31, 1963, exceptions shall be heard by the court en banc, which shall sustain or dismiss them in whole or in part, affirm, modify or reverse the decision, direct the entry of judgment in favor of any party, or order a new trial as to all or any of the issues or parties. The prothonotary shall immediately give written notice by ordinary mail to each party who has appeared in the action or to his attorney of record of the entry of the final judgment or of any other order of the court.

When considering this rule, we are mindful that the procedural rules are meant to be "liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Pa. R.C.P. No. 126. Concurrently, however, we cannot disregard the letter of a rule "under the pretext of pursuing its spirit" when the wording is clear and unambiguous. Pa. R.C.P. No. 127(b).

As to when *the court* may enter final judgment, Pa. R.C.P. No. 1038(e) suggests that it may do so only after argument on, and disposition of, exceptions. 2 Goodrich-Amram 2d §1038(e):1 (1976). The importance of allowing the filing of exceptions in a mandamus action was most recently highlighted in *Ravenell v. Harrisburg Housing Authority,* 29 Pa. Commonwealth Ct. 167, 370 A.2d 761 (1977), where we stated: "[O]ur review on appeal is limited to a determination of whether or not the lower court erred when it disposed of whatever exceptions were brought before it: 'The preliminary finding of the judge is neither a verdict nor a judgment. It cannot be reviewed on appeal. . . . [I]t is from the court's decision upon these exceptions that an appeal must rest. . . .' " *Id.* at 170,

370 A.2d at 762 (citation omitted, emphasis in original). *See also Lundvall v. Camp Hill School District,* 25 Pa. Commonwealth Ct. 248, 362 A.2d 482 (1976).

Once the decision of the trial judge was handed down, in accord with Pa. R.C.P. No. 1038(b), the Township had the right to file exceptions to it under Pa. R.C.P. No. 1038(d) and to have the court en banc pass on these exceptions under Pa. R.C.P. No. 1038(e). By directly entering judgment, the lower court erred and deprived the Township of its procedural rights. Since a ruling on exceptions is not before us at this time, there is technically nothing for us to review under *Ravenell, supra.*[4]

Although the lower court procedurally erred here, we "may disregard any error or defect of procedure which does not affect the substantial rights of the par-

---

[4] Since this case was heard by the lower court as an original action in mandamus under Pa. R.C.P. Nos. 1099 and 1038, it is distinguishable from cases in which the lower court heard the case pursuant to a statutory appeal. *See, e.g., Hollidaysburg Manor Associates v. Blair County Board of Assessment,* 26 Pa. Commonwealth Ct. 628, 364 A.2d 959 (1976) ; *M. & E. Enterprises, Inc. v. Township of Franklin,* 17 Pa. Commonweatlh Ct. 585, 333 A.2d 523 (1975). The case of *Strand v. Glasgow, Inc.,* 4 Pa. Commonwealth Ct. 148, 286 A.2d 694 (1972), is also not controlling. The result in *Strand* was based in part on the application of the "fundamental error" doctrine and Section 6 of the Act of May 11, 1911, P.L. 279, *as amended,* 12 P.S. §1201, which provides :

> Whensoever the decision of a court of record shall appear in the proceedings of a case, it shall not be necessary, for the purpose of a review of that decision, to take any exception thereto ; but the case shall be heard by the Appellate Court with the same effect as if an exception had been duly written out, signed, and sealed by the court.

Since the "fundamental error" exception has since been eliminated, *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974), and the antiquated procedure statute quoted above, although not expressly suspended, would appear to have little application to a nonjury case after Pa. R.C.P. No. 1038 was promulgated, *see* Pa. R.C.P. No. 1038(f)(4) (suspension of inconsistent acts), the continuing viability of *Strand* is doubtful.

ties." *See* Pa. R.C.P. No. 126. For example, we have in the past overlooked the failure to have final judgment entered before appealing. *Kane v. Allegheny County Retirement Board*, 7 Pa. Commonwealth Ct. 262, 299 A.2d 686 (1973). A careful reading of the lower court's opinion convinces us that the error should not be disregarded here and that a useful purpose will be served by a remand. Although the lower court's opinion addresses the Township's third argument, the public-meeting requirement, it does not specifically discuss its second argument as to whether the Township has the authority to approve Bridgeview's plans (*see* note 3, *supra*).[5] By remanding this case for the filing and disposition of exceptions, the Township will obtain a specific decision on this point.[6] In the absence of such a ruling, we will not attempt to review speculative or implied decisions of the court below.

Order vacated and case remanded.

## Order

And Now, this 18th day of July, 1977, the order of the Court of Common Pleas of Bucks County is vacated and the case is remanded to that court with instructions to permit the Township of Bensalem to file exceptions to the decision of the trial judge, pursuant

---

[5] Bridgeview has also advanced the argument that, even if the Township improperly approved the plans, it should, in effect, be estopped from now raising this as a defense. This argument is unpersuasive because an estoppel will not arise against a municipality where the action taken was beyond its statutory authority. *See* 9 E. McQuillin, *The Law of Municipal Corporations* §26.213 (3rd rev. 1964) ; 2 C. Antieau, *Municipal Corporation Law* §16A.01 (1973). *Cf. Pittsburgh v. Oakhouse Associates*, 8 Pa. Commonwealth Ct. 349, 301 A.2d 387 (1973). This highlights the importance of a decision on the Township's authority.

[6] Despite our holding, we do not condone the practice of requesting remand where, as here, the record does *not* indicate that a motion to strike the judgment was presented to the lower court.