402 A.2d 1033

**Janice S. GIBSON, Appellant at No. 579**

v.

**Ronald J. MILLER, Erwin A. Seigel and Giant Eagle Markets, Inc.**

v.

**John Walter GIBSON, Appellant at No. 555.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided April 12, 1979.

Reargument Denied July 25, 1979.

John W. Gibson, in pro. per., for appellant at No. 555.

Janice S. Gibson, in pro. per., for appellant at No. 579.

Fred W. Dunton, Pittsburgh, for appellees Erwin Seigel and Giant Eagle Markets.

Maury D. Nusbaum, Pittsburgh, for appellee Ronald Miller.

Before PRICE, HESTER and WATKINS, JJ.

HESTER, Judge:

These cross-appeals arise from a multiple car, "chain-reaction" collision on the Parkway West in Pittsburgh on Sep-

tember 18, 1975. At approximately 7:30 a. m. that day, John Gibson, with his wife Janice as a passenger, (John and Janice Gibson are the respective appellants in the two appeals before us) was driving his wife's car in the outbound portion of the Parkway, near the Carnegie exit. The vehicle directly in front of him, later identified as a Chevy Impala belonging to one Collonn, suddenly skidded and came to rest blocking both lanes of traffic. Gibson, driving in the left lane, was able to stop his car in time before striking the Impala but was almost immediately rearended by a Ford pickup truck driven by appellee Ronald Miller. Miller, also driving in the left lane, had seen the stopped vehicles in front of him and was attempting to decelerate and go around the accident when he too was rearended by a Ford Torino driven by appellee Erwin Seigel, acting in the scope of his employment with appellee Giant Eagle Markets, Inc. The Miller truck, propelled by the force of the Seigel vehicle, glanced off the right rear portion of the Gibson's car and came to a rest beside it in the right lane. At least one other car behind Seigel was also involved in the pile-up but did not participate in the proceedings below. The day was wet with lightly falling rain. There were no injuries.

Suit was instituted in arbitration by Janice Gibson against Miller, Seigel, and Giant Eagle. Miller answered, denying liability, and joined John Gibson as an additional defendant. In addition, Miller brought a cross claim against Seigel, Giant Eagle, and John Gibson. The arbitrators' award for both plaintiffs was appealed and the court heard both cases *de novo*, non-jury, on October 5, 1977. Its decision, reached the following day, found for all defendants against plaintiffs in both cases. The decision was duly filed and notices sent by the prothonotary to the parties on October 20, 1977. On November 9, 1977, appellant John Gibson filed exceptions alleging error in various evidentiary rulings by the court and averring that the decision was against the weight of the evidence. On the motion of Seigel and Giant Eagle, the court *en banc* dismissed the exceptions because they were not filed within the time required under Pa.R.Civ.P. 1038(d).

John Gibson then brought this appeal to our Court at No. 555, April Term, 1978.[1] His wife Janice thereafter brought a cross-appeal, Pa.R.App.P. 903(b), at No. 579, April Term, 1978. As to the appeal of John Gibson, we will affirm. As to the appeal of Janice Gibson, we quash.

Rule 1038 of Pa.R.Civ.P.[2] provides in pertinent part that the decision of the court shall be filed with the prothonotary, who shall notify all parties or their attorneys of the date of filing. Rule 1038(d) then requires:

(d) Within ten (10) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. No motion for a new trial, for judgment non obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed.

Thus, failure to file exceptions within ten days following the prothonotary's notice will preclude a party from challenging the court's decision. In the instant case, the notices were sent October 20, 1977 and exceptions were filed twenty days later by appellant John Gibson on November 9, 1977, ten

1. John Gibson's decision to file exceptions and to pursue this appeal is unusual. As a defendant below, he reaped the benefits of the court's verdict for all defendants and against both plaintiffs. Since he is a prevailing party, he would not be "aggrieved" and would seem to lack standing to file exceptions and to appeal. *Pierro v. Pierro,* 434 Pa. 131, 252 A.2d 652 (1969); *Prior v. Borough of Eddystone,* 30 Pa.Cmwlth. 536, 374 A.2d 981 (1977); *Levitt and Sons, Inc. v. Kane,* 4 Pa.Cmwlth. 375, 285 A.2d 917 (1972). Pa.R.App.P. 501. This issue was not briefed or addressed in the court below. Since we dispose of the John Gibson appeal on other grounds, we do not decide whether he lacks standing to challenge the proceedings below.

2. Rule 1038 is made applicable to non-jury trespass actions by virtue of Rule 1048.

days beyond the prescribed time.[3]  The exceptions being untimely, the court was correct in dismissing them.  *E. J. McAleer and Co., Inc. v. Iceland Products,* 475 Pa. 610, 381 A.2d 441 (1977);  *Wingert v. Teitrick,* 31 Pa.Super. 187 (1906) (decided under Act of 1874, 12 P.S. § 688 requiring exceptions to non-jury decision to be filed within thirty days of notice of filing of decision).

Appellant argued to the court below that, in accord with the liberal construction applicable to the Rules of Civil Procedure,[4] the court may allow the exceptions to be filed out of time where no prejudice will result.  See, *McAleer,* supra.  The court *en banc* did not find sufficient reason for doing so.[5]  Appellant has abandoned this argument on appeal and now contends the court's dismissal was erroneous since the ten day time limit of Rule 1038(d) is a recent amendment and, as such, is only applicable to actions instituted after its effective date, July 29, 1977.  See, Pa.R.Civ.P. 152 and *Trinity Area School District v. Dickson,* 223 Pa.Super. 546, 302 A.2d 481 (1973).  Since the instant proceedings

**3.**  There was apparently some confusion in the proceedings below as to when the ten day period of 1038(d) begins to run.  The rule is clear that the period begins not with the date of the court's decision, nor with the date the decision is filed, but with the date the prothonotary sends notice of the decision to the parties or their attorneys.  See, *In Re Condemnation, Croop Estate,* 25 Pa.Cmwlth. 185, 359 A.2d 838 (1976).

**4.**  Rule 126 provides:
The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable.  The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

**5.**  The Gibsons were represented by an attorney throughout most of the proceedings below.  John Gibson, however, filed his exceptions *pro se,* and counsel formally withdrew on December 14, 1977.  It appears that Gibson was at that time an evening law student.  He thus argued to the court that he was a law student representing his own interests and was not aware of recent changes in Rule 1038(d).  The court did not find this sufficient reason to allow the exceptions to be filed out of time, noting that Gibson "had available to him an entire law library containing the necessary books that would have allowed him to insure his compliance with the Rules."  Opinion at 3.  The Gibsons have pursued their appeals to this Court, *pro se.*

were begun prior to that date, appellant argues the twenty day limit of former Rule 1038(d) should be applied. We do not reach this issue of retroactivity since it is raised for the first time on appeal. Our courts have long held that we will not review questions which were neither raised, tried, or considered in the trial court. *Commonwealth v. National Federation of the Blind,* 471 Pa. 529, 370 A.2d 732 (1977); *Robert F. Felte, Inc. v. White,* 451 Pa. 137, 302 A.2d 347 (1973).

Turning to the appeal of Janice Gibson, No. 579, we note she did not file exceptions at any time to the lower court's decision. Accordingly, all issues she wishes to raise are waived. Rule 1038(d). Mrs. Gibson has apparently tried to appeal on the coattails of her husband's exceptions. This she cannot do. The Gibsons have proceeded as separate parties throughout this litigation and nowhere in the record does it appear Janice joined her husband's exceptions. As a separate party, she was required to file exceptions in her own stead and failure to do so will preclude an appeal.[6] *Blake v. Mayo Nursing and Convalescing Home, Inc.,* 245 Pa.Super. 274, 369 A.2d 400 (1977); *Frankel v. Reliance Mutual Life Insurance Co. of Ill.,* 199 Pa.Super. 295, 184 A.2d 305 (1962); *Ravenell v. Harrisburg Housing Authority,* 29 Pa.Cmwlth. 167, 370 A.2d 761 (1977); *Lundvall v. Camp Hill School District,* 25 Pa.Cmwlth. 248, 362 A.2d 482 (1976).

As to the appeal of John Gibson, No. 555, April Term, 1978, we affirm the order of the court below. The appeal of Janice Gibson, No. 579, April Term, 1978, is quashed.

**6.** Appellees Seigel and Giant Eagle have filed with this Court a "Motion to Dismiss for Mootness" requesting us to dismiss the appeal of Janice Gibson as moot. As our disposition above demonstrates, Mrs. Gibson's appeal is not "moot". Rather, she is precluded from appealing because she failed to file exceptions. "Exceptions must be taken to the [court's] findings and conclusions, and it is from the court's decision upon such exceptions that an appeal lies." *Singer v. Redevelopment Authority of City of Oil City,* 437 Pa. 55, 69, 261 A.2d 594, 601 (1970). Thus, failure to file exceptions will raise a jurisdictional bar to appellate review. Since we quash the Janice Gibson appeal on this ground, we dismiss appellees' "Motion to Dismiss for Mootness".