Bethel Park Municipal Council et al., Appellants
v. Simmons Park Properties, Inc., Appellee.

Argued May 5, 1982, before President Judge CRUMLISH and Judges WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Victor R. Delle Donne,* for appellants.

*Richard L. Rosenzweig, Rosenzweig, Rosenzweig &
Burton,* for appellee.

OPINION BY JUDGE MACPHAIL, July 27, 1982:

Appellants[1] have brought this appeal from an order
of the Court of Common Pleas of Allegheny County
granting mandamus relief to Simmons Park Properties,
Inc. (Appellee). The trial court's order requires that
Appellants issue building permits which had been re-
quested by Appellee.

Appellee is the owner of a tract of land in Bethel
Park comprising approximately 31 acres. The property
is located in an R-T zone which allows townhouse
development. Appellee has completed the construction
of townhouses on a portion of its property and filed
the instant mandamus complaint on June 8, 1979 to
compel the issuance of additional building permits to
allow further development. Appellee plans to construct
a total of 254 units on its tract. A zoning officer
denied Appellee's application for the building permits
on the ground that the tract was approved for
development in five sequential phases and that the
building permits requested related to the final phase.
Since only "phase 1" had been completed, the zoning
officer reasoned that permits for "phase 5" could not
yet be issued. After a nonjury trial was held on the
complaint, the trial judge concluded that the approved

---

[1] Bethel Park Municipal Council, James M. Martin (Manager),
Norman Walker (Code Enforcement Officer) and James Kanon
(Planning Director).

site plan was not conditioned on the development of the phases in a certain sequence and granted the mandamus relief requested.

At oral argument before this Court, Appellee moved to have the instant appeal quashed on the grounds that Appellants failed to file exceptions to the trial court's order pursuant to Pa. R.C.P. No. 1038 and failed to have the order reduced to judgment prior to their appeal as required by Pa. R.A.P. 301(c). We conclude that the motion to quash should be granted.

The trial court's order in this case was entered on May 5, 1981. The record discloses that Appellants filed no exceptions to the order and final judgment was never entered on the docket of the court of common pleas. Appellants filed their notice of appeal with this Court on May 26, 1981.

The law is now clear that a mandamus appeal must be quashed when no exceptions to the trial judge's decision are filed and final judgment is not entered prior to appeal. Pa. R.C.P. No. 1099 provides that when, as here, a mandamus action is tried by a judge sitting without a jury, the trial must be conducted in accordance with Pa. R.C.P. No. 1038 which governs nonjury trials of assumpsit actions. Pa. R.C.P. No. 1038(d) provides, in pertinent part, as follows:

> Within ten (10) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial.... Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters.

Thus, no appeal will lie from the decision of a trial judge sitting without a jury unless exceptions are filed with the trial court and a disposition is rendered thereon by the court en banc. *Ravenell v. Harrisburg*

*Housing Authority*, 29 Pa. Commonwealth Ct. 167, 370 A.2d 761 (1977). The *Ravenell* case also involved an appeal from an order granting mandamus relief to which no exceptions had been filed and no final judgment had been entered. We noted there that appellate review of the trial judge's decision is impossible since our review on appeal is limited to a determination of whether the trial court erred *in disposing of the exceptions* presented to it. *See also National Development Corp. v. Township of Harrison*, 64 Pa. Commonwealth Ct. 54, 438 A.2d 1053 (1982). Of course, even had the Appellants filed exceptions, this appeal would nevertheless be premature because final judgment has not been entered as required by Pa. R.A.P. 301.

We, accordingly, conclude that the instant appeal must be quashed.[2]

ORDER

It is ordered that the appeal of Bethel Park Municipal Council, *et al.* be quashed.

---

[2] We note that Appellee argues in its brief that the Appellants' appeal is interlocutory and that the matter should be remanded because the trial judge has not yet held a hearing on the damages portion of Appellee's request for relief. Damages clearly may be awarded in a mandamus action when they are incidental to the mandamus relief sought. *Pittsburgh Schools v. City of Pittsburgh*, 23 Pa. Commonwealth Ct. 405, 352 A.2d 223 (1976). While Appellee did request damages in its complaint, no proof of damages was offered at trial and we have found no indication in the record that the trial judge granted a bifurcation of the trial. Moreover, there is nothing in the trial judge's opinion or order which preserves the issue of damages for further hearing. We think, therefore, that Appellee's argument on this point is without merit.