Walter G. Reed, Jr. et al., Appellants *v.* Sue Ellen Saxton, Prothonotary of Mifflin County, Appellee.

648

Argued May 11, 1983, before Judges Rogers, Blatt and Craig, sitting as a panel of three.

*Randall E. Zimmerman, Barron & Zimmerman,* for appellants.

*David W. Molek, Molek and Williams,* for appellee.

Opinion by Judge Craig, June 9, 1983:

The treasurer and commissioners of Mifflin County appeal from an order of the Court of Common Pleas for that county, directing them to meet, together with the county's prothonotary, in their joint capacity as a salary board, and determine a reasonable compensation for Penny K. McCartney, an employee in the Prothonotary's Office.

Sue Ellen Saxton, Prothonotary and Clerk of Courts, filed a complaint in mandamus against the treasurer and the commissioners on March 24, 1981. The complaint sought relief in the form of an order

requiring the salary board to recognize McCartney as a county employee and set a reasonable salary for her.

The court, sitting without a jury, held a trial on November 5, 1981. Immediately after the hearing, the court ordered the parties to meet as a salary board and attempt to resolve their dispute.

The parties did conduct such a meeting, but were unable to reach a mutually satisfactory result. None of the parties filed exceptions to the court's November 5 order, which the judge had issued from the bench.

On December 30, 1981, the trial court issued a second order, which directed that the board meet and fix a salary for McCartney which would be, at minimum, equal to the prevailing county salary for her position on her starting date, February 25, 1981.

The parties did not hold the required meeting, and again no one filed exceptions to the court's order. However, on January 26, 1982, the treasurer and the commissioners filed a notice of appeal to this court.

Although the treasurer and commissioners thereby treated the second order as the final order, they here contend that the court's first order was the final order ending the case.

We cannot agree. Judge Ziegler's comments, made immediately before entering his November 2 order, clearly expressed his desire that the parties settle their dispute. His first order merely required the parties to attempt a conciliation,[1] and was therefore interlocutory in nature.

Saxton argues, and we agree, that, because appellate review of the December order is impossible at this time, we must quash the appeal.

---

[1] See generally, Pa. R.C.P. No. 212 and Pa. R.A.P. No. 301 and No. 311

Pa. R.C.P. No. 1099 provides that a mandamus action tried by a judge without a jury is subject to the requirements of Pa. R.C.P. No. 1038. The latter rule, in subsection (d), clearly requires the filing of exceptions to the decision and directs that matters not covered by such exceptions are deemed waived. *National Development Corporation v. Township of Harrison,* 64 Pa. Commonwealth Ct. 54, 438 A.2d 1053 (1982); *Ravenell v. Harrisburg Housing Authority,* 29 Pa. Commonwealth Ct. 167, 370 A.2d 761 (1977).

On appeal to this court, our review is limited to determining whether or not the trial court erred in its disposition of the filed exceptions. Absent such a disposition, we have nothing to review.

In this case, the filing and docketing of the trial court's order presented full opportunity for the filing of exceptions. However, the treasurer and commissioners did not do so. As we stated in *Lundvall v. Camp Hill School District,* 25 Pa. Commonwealth Ct. 248, 252, 362 A.2d 482, 484 (1976) (allocatur denied), "[w]e discern no reason here for departing from the settled principle that no appeal will lie from a decision of the trial judge sitting without a jury unless exceptions are filed in the court below and disposed of there."

Accordingly, we quash this appeal.

ORDER

Now, June 9, 1983, the appeal from the order of the Court of Common Pleas of Mifflin County, dated December 30, 1981, is quashed.