531 A.2d 565

The Borough Council for the Borough of Millbourne, Appellant *v.* Bargaining Committee of the Millbourne Borough Police by Chris Schipani and John Ottaviano, Trustees Ad Litem, Appellees.

Argued June 8, 1987, before Judges MACPHAIL and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Francis M. Milone,* with him, *Jean S. Konowalczyk,* Of Counsel: *Morgan, Lewis & Bockius,* for appellant.

*Alexander A. DiSanti, Richard, DiSanti, Hamilton, Gallagher & Paul,* for appellees.

OPINION BY JUDGE MACPHAIL, September 22, 1987:

The Borough Council for the Borough of Millbourne (Council) has appealed from an order of the Court of Common Pleas of Delaware County which granted mandamus relief to the Bargaining Committee of the Millbourne Borough Police (Bargaining Committee). The court's order requires the Council to comply with the provisions of an interest arbitration award entered pursuant to the Act of June 24, 1968 (Act 111), P.L. 237, 43 P.S. §§217.1-217.10.

Unfortunately, we are unable to reach the merits of the issues raised in this appeal since we conclude that those issues have not been properly preserved for our review. The basis for our ruling is the fact that the Council failed to file a motion for post-trial relief pursuant to Pa. R.C.P. No. 227.1 following the trial judge's initial adjudication in this matter, thereby rendering appellate review impossible.

We note preliminarily that trials in mandamus are to be conducted pursuant to Pa. R.C.P. No. 1038 which deals generally with non-jury trials. *See* Pa. R.C.P. No. 1099. Prior to January 1, 1984, Pa. R.C.P. No. 1038(d) required that exceptions be filed to the trial court's decision and that "[m]atters not covered by exceptions are deemed waived. . . ." That provision in the Rules was rescinded effective January 1, 1984 at the same time that Pa. R.C.P. No. 227.1 was adopted relating to post-trial relief. The explanatory comment to Rule 227.1 specifies that its provisions are applicable to all actions "at law or in equity . . . whether the action is tried with or without a jury." Rule 227.1(b)(2) contains language substantively similar to that of rescinded Rule 1038(d),

although the term "exceptions" is no longer employed. Rule 227.1(b)(2) provides as follows:

> Post-trial relief may not be granted unless the grounds therefor,
>
>  . . . .
>
> (2) are specified in the motion. . . . *Grounds not specified are deemed waived* unless leave is granted upon cause shown to specify additional grounds.

(Emphasis added.) Given the relatively short time period during which Rule 227.1 has been in effect, case law interpreting its terms is limited. Based on the guidance provided by the thorough explanatory comment to Rule 227.1, however, we believe that prior practice regarding exceptions remains applicable in the new form of a motion for post-trial relief. We, accordingly, will regard prior case law interpreting Rule 1038(d) as equally applicable to an interpretation of Rule 227.1(b)(2).

In the instant case, the trial judge conducted proceedings on October 28, 1985 during which testimony was taken and exhibits were introduced.[1] The judge filed his opinion and order on March 24, 1986 in which he set forth his findings of fact and legal analysis. *See* Pa. R.C.P. No. 1038(b). Both the opinion and order were also docketed on March 24. The trial court's order reads as follows:

> AND NOW, this 24th day of March, 1986, it is hereby ORDERED and DECREED that

---

[1] We observe that the proceedings were held as a result of the Bargaining Committee's motion for peremptory judgment. *See* Pa. R.C.P. No. 1098. Given the nature of the proceedings we think it is clear that what transpired was actually in the nature of a non-jury trial. The trial court appears to have recognized this fact in that it referred to the October 28 proceeding as a "non-jury hearing." Adjudication at 2.

> Plaintiff's Complaint in Mandamus be and the same is hereby GRANTED.
>
> Defendant is hereby DIRECTED to comply with provisions of the Award of May 17, 1985 and to do so within thirty (30) days of the date of this Order, and to cause the same to be effective as of January 1, 1985.

No motion for post-trial relief was filed by the Council.

Our prior case law is clear that exceptions were required to be filed to a decision in mandamus before an appeal could be taken, and that absent such action an appeal from the trial court's adjudication would be quashed. *Bethel Park Municipal Council v. Simmons Park Properties, Inc.,* 68 Pa. Commonwealth Ct. 12, 448 A.2d 661 (1982). Exceptions were recognized as vital to defining the scope of appellate review since such review is limited to determining whether or not the trial court erred in its disposition of the exceptions presented to it. *Ravenell v. Harrisburg Housing Authority,* 29 Pa. Commonwealth Ct. 167, 370 A.2d 761 (1977).

Although the Council did not brief the issue regarding its failure to file a motion for post-trial relief, at oral argument counsel cited our Supreme Court's decision in *Commonwealth ex rel. Waltman v. Graczyk,* 501 Pa. 244, 460 A.2d 1098 (1983), as obviating the need for exceptions in this case. In *Waltman,* which involved an action in quo warranto, the Supreme Court ruled that where the trial court *itself* enters judgment in a matter, exceptions need not be filed. The record before us, however, does not reveal that the trial court's order of March 24 resulted in the entry of final judgment in the case at bar. Thus, we conclude that *Waltman* is inapposite.

In analyzing the trial court's order in the instant matter, we find persuasive the memorandum opinion filed by Judge CRAIG in *National Development Corp. v. Township of Harrison,* 64 Pa. Commonwealth Ct. 54,

438 A.2d 1053 (1982). In that case, it was argued that the failure of the township to file exceptions could be remedied by a remand and did not require that the appeal be quashed. Judge CRAIG ruled, however, that a remand would be appropriate only if the trial court had itself ordered that final judgment be entered thereby precluding the township from filing exceptions. *Cf. Bridgeview Apartments, Inc. v. Brady,* 31 Pa. Commonwealth Ct. 126, 375 A.2d 854 (1977).

The trial judge's order in *National Development Corp.* contained the following language: "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Defendants shall forthwith issue to Plaintiff a building permit. . . ." *Id.* at 57, 438 A.2d at 1055. Judge CRAIG concluded that this language did *not* constitute a direction to enter judgment. We similarly conclude that the order filed by the trial court in the matter *sub judice,* as quoted earlier in this opinion, did not have the effect of entering final judgment in the matter.[2] In fact, it could be argued that the language in the trial court's order now before us is even less subject to interpretation as a final judgment than that involved in *National Development Corp.* given the absence in the former order of the potentially troublesome term "ADJUDGED." We believe that in order to avoid the necessity for filing a motion for post-trial relief, the trial court's order must be specific in its entry of judgment. Absent such clear action by the trial court, a motion for post-trial relief remains a necessary prerequisite to appellate review in mandamus actions.

---

[2] We observe that the absence of a final judgment in this case could provide an alternative basis for quashing the appeal. *Ravenell.* We further note that the mere docketing of the trial court's order did not itself result in the entry of judgment. *See generally* 1 Darlington, McKeon, Schuckers, Brown, Pennsylvania Appellate Practice §301:3 (1986). Rather, the filing and docketing of the order presented a full opportunity for the filing of exceptions. *Reed v. Saxton,* 74 Pa. Commonwealth Ct. 647, 460 A.2d 926 (1983).

Although the Bargaining Committee has not filed a motion to quash, we have previously quashed appeals *sua sponte* where exceptions were never filed to the trial court's adjudication. *See Ravenell.* We are constrained to do likewise in the instant matter since we have concluded that Rule 227.1 is substantively similar to former Rule 1038 and, accordingly, we order that the Council's appeal be quashed.[3]

## ORDER

The appeal in the above-captioned matter is hereby quashed.

---

[3] As discussed *supra* in note 1, the proceeding held before the common pleas court was in response to the Bargaining Committee's motion for peremptory judgment. Our decision to quash the instant appeal would not be altered even if the trial court's order could be construed as entering peremptory judgment since such a judgment could only be appealed following disposition of a petition to open judgment. *Butler v. Emerson,* 76 Pa. Commonwealth Ct. 156, 463 A.2d 109 (1983); Pa. R.C.P. No. 1098. Since the Council did not file a petition to open, its direct appeal to this Court would be premature.