William Gorton and Ronwhen Gorton, Appellants v. Silver Lake Township and Silver Lake Planning Commission, Appellees.

Submitted on briefs April 9, 1985, to Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*William Gorton,* with him, *Ronwhen Gorton,* appellants, for themselves.

*Frederick J. Meagher, Hester & Meagher,* for appellees.

OPINION BY JUDGE ROGERS, June 10, 1985:

The appellants, William Gorton and Ronwhen Gorton, acting pro se, have appealed a final order of the Court of Common Pleas of Susquehanna County denying their application for an order declaring their entitlement to a set-back variance and to approval of their proposed land subdivision.

The appellants owned a residence on a twenty-acre tract of land in Silver Lake Township. In 1979, they commenced the construction of a second residence on the property and of a sewage disposal system without leave of any public authority. Silver Lake Township officials notified the appellants that their undertaking required approval of the township Planning Commission as being in conformity to the township Subdivision and Land Development Ordinance and that the new residence encroached on a set-back requirement of the ordinance. On February 12, 1980, the appellants submitted an application for subdivision approval, a preliminary sketch plan of a proposed subdivision and a filing fee. These items were returned to the appellants by the township's land use administrator due to irregularities in the sketch plan and the general incompleteness of the application.

The township subdivision regulations define a minor subdivision application as one laying out lots but not requiring new municipal facilities, and a major subdivision application as one including the creation of new streets or the extension of municipal facilities. The township land use administrator concluded, based on the information available to him, that the appel-

lants were required to file both a minor and major subdivision application. On July 15, 1980, the appellants submitted, without the filing fee, a minor subdivision application requesting approval of the division of land into a number of lots and a major subdivision application with plats requesting approval for the addition of a second residence. By letter dated July 18, 1980, the township land use administrator returned both forms and plats to the appellants, explaining that the second page of the major subdivision form was missing, and that the major subdivision application and accompanying plats lacked much of the information required to be furnished by the ordinance. By the same communication, the land use administrator suggested that the appellants meet with him to review the application procedure with them. In letters sent August 8, August 22 and September 22, 1980, the land use administrator gave the appellants specific instructions for a proper application based on the ordinance. The appellants filed no further applications. On August 4, 1981, they commenced these proceedings based on Section 508 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508, claiming that the planning agency's failure to render a decision and communicate it to them within ninety days of receipt of their application sent July 15, 1980 constituted a deemed approval of the applications. Section 508(3) reads pertinently:

All applications for approval of a plat . . . whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communi-

cate it to the applicant not later than ninety days after such application is filed.

. . . .

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect. . . .

The court, after a hearing, found that the appellants never submitted complete applications and concluded that the circumstances of this case did not present an occasion for the application of Section 508(3).

In support of their position that the planning commission was required to render and communicate a decision on their applications, the appellants cite *Township of O'Hara v. DiSilvio*, 51 Pa. Commonwealth Ct. 50, 413 A.2d 1174 (1980). *DiSilvio* is quite different from this case. There the applications filed were not rejected or objected to when filed. The common pleas court, whose order of deemed approval we affirmed, observed that the last of a series of proposed plans had been filed and approved for processing for final plan purposes. We quoted in *DiSilvio* language of the common pleas court to the effect that the landowner's failure to comply with filing requirements would have barred the imposition of summary approval under Section 508 had not the municipality proceeded to consider aspects of the application on the merits. In this case the objection to the appel-

lants' applications was immediate. *DeSilvio,* indeed, supports the order of the common pleas court in this case.

The township land use administrator testified to deficiencies in the appellants' applications as follows:

> The application for the major subdivision did not even have the second page with it which is the signature page of the application. It also lists the size of the property, the number of lots, the adjoining acreage, the area set aside and the type of facilities and this was not even included and as a result of this there was no statement of ownership, there was no reproducible copy which is one of the requirements, there was no copy of applicable sewer permits as he applied—he stated in his application that it was to be a public sewer and water system. There was [sic] no DER permits for this or applicable material. According to the regulations the plan was supposed to be signed. They were not. The building set-back lines were mentioned on the plans but they were not shown on the plans. They were below-minimum lot sizes of .53 acres. There were no street right of way distances shown, no roadway distances shown, no sewage easement shown for his "public sewer system." No vicinity map which is a requirement. No flood plain information given with it. No proposed system for sewer and water as he was also proposing a public water system, no sewage disposal report, no water supply report.

An examination of the township's Subdivision and Land Development Ordinance satisfies us that these missing features of the appellants' applications and plats requirement are requirements for submission.

Section 503(1) of the MPC, 53 P.S. §10503(1), authorizes the adoption by municipalities as part of their subdivision ordinances of "[p]rovisions for submittal and processing of plats." Silver Lake included such provisions in its ordinance. The appellants' massive failures to file applications and plats conforming to the township's regulations were sufficient justification for their summary rejection. Section 508(3) never came into play.[1]

Order affirmed.

ORDER

AND Now, this 10th day of June, 1985, the order of the Court of Common Pleas of Susquehanna County in the above-captioned matter is affirmed.

---

[1] The remedy of the landowner whose applications and plats have been rejected for filing and who believes that his submissions conform to the municipality's requirements would seem to be mandamus.