NEXTEL PARTNERS, INC.

v.

CLARKS SUMMIT BOROUGH/
CLARKS SUMMIT BOROUGH
COUNCIL

v.

Stephen J. Evers.

Appeal of: Stephen J. Evers.

Nextel Partners, Inc.

v.

Clarks Summit Borough/Clarks
Summitt Borough Council,
Appellant.

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2008.
Decided Oct. 10, 2008.

Ernest D. Preate, Jr., Scranton and Stephen J. Evers, Clarks Summit, for designated appellants, Clarks Summit Borough and Stephen J. Evers.

Michael S. Grab, Columbia, for appellee, Nextel Partners, Inc.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

In these consolidated land use appeals, Clarks Summit Borough/Borough Council (Borough Council) and Stephen J. Evers (Objector) ask whether the Court of Common Pleas of Lackawanna County (trial court) erred in determining Nextel Partners, Inc. (Applicant) was entitled to a deemed approval of its conditional use application seeking to construct a cellular communications tower. Borough Council denied the application on the grounds it did not satisfy several requirements in the Clarks Summit Borough Zoning Ordinance (Ordinance). On appeal, the trial court reversed, concluding Applicant was entitled to a deemed approval because Borough Council did not hold a timely hearing on Applicant's application. Objector and Borough Council argue the trial court erred in determining Applicant was entitled to a deemed approval and in failing to make its own findings as to the merits of Applicant's application. Discerning no merit in these assertions, we affirm.

On June 23, 2005, Applicant, by and through its agent, Launch Wireless, submitted a conditional use application seeking to construct a 150–foot wireless communications tower on a parcel located in the Borough's Highway Commercial (HC) Zoning District. Applicant claimed its proposed use was permitted as a conditional use under Section 809 of the Ordinance.

Shortly thereafter, Borough Council requested its engineer review Applicant's

conditional use application. The engineer issued a letter to Borough Council on July 13, 2005, indicating the proposed conditional use did not comply with several requirements in Section 809 of the Ordinance.

Thereafter, on July 20, 2005, the Borough Planning Commission met to discuss Applicant's conditional use request. Among others, a representative for Applicant and the Borough Planner attended this meeting. Notably, the minutes of the meeting indicate:

> [The Borough Planner] suggested a meeting with [the Borough Engineer], [Applicant's representative] and himself to work out some of the details. [Borough] Council is required to hold a hearing within 60 days. If all the details don't work out, [the Borough Planner] said he was sure that [A]pplicant would be willing to grant an extension. [Applicant's representative] said okay, great.

Reproduced Record (R.R.) at 7a.

On September 13, 2005, Borough Council held a hearing on Applicant's application. At the hearing, Applicant asserted it was entitled to a deemed approval because Borough Council did not hold a hearing on its application within 60 days of when Applicant filed its application. Borough Council rejected this assertion. In addition, after the hearing, Borough Council issued an opinion in which it denied Applicant's application because it did not comply with several Ordinance requirements. Borough Council also determined Applicant did not prove it was necessary for the proposed tower to be 150 feet in height. Further, Applicant conceded it could not meet the setback requirement necessary to establish that a collapse of the tower would not affect adjoining properties. Borough Council also determined Applicant did not provide evidence of a written contract with wireless service providers, which was necessary to establish feasibility of the facilities. Applicant appealed to the trial court.[1]

Without taking additional evidence, the trial court reversed. The trial court determined Applicant was entitled to a deemed approval of its application because Borough Council did not hold a hearing within 60 days of when it received the application on June 23, 2005. In its order, the trial court directed the parties to post the property as "deemed approved" in order to "trigger" the appeal period pursuant to this Court's decision in *Magyar v. Zoning Hearing Board of Lewis Township*, 885 A.2d 123 (Pa.Cmwlth.2005). Borough Council and Objector appealed to this Court; this Court consolidated the appeals.

On appeal,[2] Borough Council argues the trial court erred in concluding Applicant's conditional use application was deemed approved based on Borough Council's failure to hold a hearing within 60 days of June 23, 2005. It contends Applicant's initial submission was incomplete, and Applicant's representatives did not complete the application process until August 31, 2005. Borough Council points out it conducted a hearing on the completed application on September 13, 2005. Borough Council argues after Applicant's initial submission on June 23, 2005, it promptly reviewed the incomplete submission and engaged in continuous communication with Applicant's

1. After Applicant appealed, Objector, an adjacent landowner, filed a petition to intervene, which the trial court granted.

2. Because the parties presented no additional evidence after Borough Council's decision, our review is limited to determining whether Borough Council committed an abuse of discretion or an error of law. *Taliaferro v. Darby Twp. Zoning Hearing Bd.*, 873 A.2d 807 (Pa.Cmwlth.2005).

representatives to assist them in completing the application process. Borough Council maintains the Borough's engineer and the planning commission reviewed Applicant's incomplete submission in July and August 2005 and informed Applicant of the materials needed. Borough Council argues Applicant did not submit all required materials until August 31, 2005, at which time a hearing before Borough Council was scheduled.

Borough Council also maintains the minutes of the July 2005 Planning Commission meeting indicate Applicant's representative acknowledged the application was incomplete, and Applicant agreed to an extension for Borough Council to conduct a hearing.

Alternatively, Borough Council asserts, if a deemed approval occurred the trial court erred in failing to make findings on the merits of Applicant's conditional use application. *Gryshuk v. Kolb*, 685 A.2d 629 (Pa.Cmwlth.1996). Thus, Borough Council asks us to remand to the trial court for findings on whether Applicant's proposal complies with the Ordinance.

Similarly, Objector argues the trial court erred in determining Applicant was entitled to a deemed approval where: the application was incomplete when filed under the terms of the Ordinance; Applicant tacitly agreed to an extension of the 60–day period for a hearing; and, Applicant's delay in submitting documents it knew were necessary amounted to an attempt to manipulate the process in the Ordinance and frustrate the purpose of Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC).[3] *See Philomeno & Salamone v. Bd. of Supervisors of U. Merion Twp.*, 882 A.2d 1044 (Pa.Cmwlth.2005), *appeal granted*, 588 Pa. 790, 906 A.2d 1197 (2006) (recognizing the failure of a municipality to rule on an application within the requisite time period can be the result of confusion and protracted proceedings caused by the applicant).

Objector also asserts the trial court failed to recognize that Borough Council properly denied the application because it did not comply with general lot size and setback requirements, and it did not provide sufficient documentation to justify a waiver of the Ordinance's setback requirement. Like Borough Council, Objector also argues the trial court erred in failing to make any determinations on the merits of the application.

■ Section 908(1.2) of the MPC provides, in relevant part: "The first hearing before the board or hearing officer shall be commenced within 60 days from the date of receipt of the applicant's application, unless the applicant has agreed in writing to an extension of time." 53 P.S. § 10908(1.2). In *Grim v. Borough of Boyertown*, 141 Pa.Cmwlth. 427, 595 A.2d 775, 779 (1991), this Court, speaking through Judge Kelley, stated "the language of that section which provides that a decision 'shall be deemed to have been rendered in favor of the applicant,' where the board fails to hold the required hearing within 60 days, is imperative."

Section 913.2(b)(2) of the MPC further states:

Where the governing body fails to render the decision within the period required by this subsection or fails to commence, conduct or complete the required hearing as provided in section 908(1.2), the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time. When a decision has been rendered in favor of the applicant because

---

**3.** Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10908(9).

of the failure of the governing body to meet or render a decision as hereinabove provided, the governing body shall give public notice of the decision within ten days from the last day it could have met to render a decision in the same manner as required by the public notice requirements of this act. If the governing body shall fail to provide such notice, the applicant may do so.

53 P.S. § 10913.2(b)(2).

Recently, our Supreme Court expressed concern over the operation of a deemed decision to the extent it foreclosed merit-based decisions, but felt compelled to apply the clear statutory language. *See Wistuk v. L. Mount Bethel Twp. Zoning Hearing Bd.*, 592 Pa. 419, 431, 925 A.2d 768, 775 (2007). Also, the Court encouraged solicitors to obtain clear agreements for extension of time on the record. *Id.* at 431, 925 A.2d at 775, n. 6. Similarly, this Court is alert for gamesmanship which allows for the disposition of cases on timing issues rather than substantive grounds.

Here, Applicant submitted its conditional use application to the Borough on June 23, 2005. However, Borough Council did not conduct a hearing on the application until September 13, 2005, 82 days after Applicant initially submitted its application. Borough Council's failure to commence a hearing within the 60–day period required by the MPC entitles Applicant to a deemed approval of its conditional use application. As the trial court explained:

Our examination of the filings and the events in question lead to the conclusion that [Applicant] rightfully deserved to have the conditional use application "deemed approved" for [Borough Council's] failure to conduct a hearing within 60 days from June 23, 2005....

[Applicant] argues the 60–day clock within which time a hearing should have occurred began to run on June 23, 2005, the date the conditional use application was submitted. A copy of [Applicant's] conditional use application is attached as "Exhibit 1" to the Borough Council's Findings of Fact and Conclusions of Law. A fee of $600.00 was included by check with the conditional use application, a copy of which is attached as "Exhibit 7" to Borough Council's Findings and Conclusions. The Assistant Borough Secretary for Clarks Summit Borough sent a letter to Launch Wireless dated September 22, 2005.[1] The letter stated that [Applicant's] $600.00 application fee was "received and deposited on June 27, 2005." We interpret [Borough Council's] acceptance of the completed form and the depositing of the application fee as evidence of the Borough's intent to proceed with its review of the application to determine whether it had merit for approval.

[1] We note this correspondence was sent nine (9) days after the September 13, 2005 hearing on [Applicant's] conditional use application.

Tr. Ct. Slip Op. at 4–5.

Nevertheless, Borough Council and Objector assert the 60–day period within which to hold a hearing did not begin to run on June 23, 2005 because Applicant's application was incomplete when submitted. The trial court properly rejected this argument, stating:

14. Contrary to our evidentiary interpretation, [Borough Council] argues that the application was not complete as submitted according to [Ordinance] provisions, specifically §§ 809.3 and 1108.2. From our own review of these provisions, we reach a different conclusion.

15. Section 809 of the [Ordinance] provides the zoning guidelines governing Communication/Reception Antennae. Section 809.3, entitled "Standards" provides the guidelines for evaluating an

application. [Borough Council] argues that [Applicant's] application was deficient because it failed to address criteria A through O of § 809.3. No where does this section indicate that the *application* must contain or meet the criteria listed. The section provides only language, such as "The applicant shall demonstrate." The requirements of this section do not indicate at what stage of the review process these directives must be fulfilled. There is no clear indication that these requirements must be fulfilled at the time the *application form itself* is filed. Surely, an applicant could reasonably interpret this section as setting forth requirements that must be proven during the hearing before Borough Council on the matter.

16. Section 1108.2 of the [Ordinance], "Conditional Uses," under section (B), Procedure, provides the following:

(B) Procedure

1. Submission—*The applicant shall submit the application as follows:*

a. Five (5) complete copies of any required plan shall be submitted to the Zoning Officer[.]

b. *The Zoning Officer shall refuse to accept an incomplete application which does not provide sufficient information to determine compliance with this Ordinance.* (emphasis added).

17. If [the Borough] were operating properly under its own provisions, [the Borough] would have rejected [Applicant's] application for its failure to attach its "required" site plan when [Applicant's] conditional use application form was filed on June 23, 2005. Instead, [Borough Council] accepted the form as well as the $600.00 application fee, which again, was deposited on June 27, 2005. We are troubled by the fact that the Borough considers itself bound

to the provisions of the [Ordinance], and yet its actions divert from the very regulations the Borough requires others to strictly follow. Clearly, pursuant to [Ordinance] [§ ]1108.2(B)(1)(b), the "Zoning Officer shall refuse to accept an incomplete application which does not provide sufficient information to determine compliance with this [O]rdinance." The Borough could have exercised its discretion and rejected [Applicant's] application. Had the Borough itself operated pursuant to its own [Ordinance], it would not be in this current position. [The Borough] cannot accept an application, deposit a fee and then claim the application is deficient. Their own [O]rdinance compels them to reject the application if incomplete.

Tr. Ct. Slip Op. at 5–7 (emphasis in original). We agree with the trial court's analysis of this issue.

Further, *Philomeno,* relied on by Objector, does not compel a different result. There, the applicant filed an application to subdivide its property. The local governing body did not issue a decision on the application within the time period required by the MPC despite the fact the applicant granted two extensions to do so. Nevertheless, while its subdivision application was pending, the applicant filed a new and distinct conditional use application for the same parcel that was the subject of its subdivision application, which was timely denied. Because the local governing body did not issue a timely decision on the applicant's original subdivision application, the applicant filed a mandamus action and a motion for peremptory judgment in the trial court to effectuate a deemed approval of that application. The trial court granted the applicant's motion for peremptory judgment. On appeal, this Court reversed, stating:

It is undisputed that the [b]oard of [s]upervisors, as the governing body, was required to rule on each application. Due to the nature of each application and the fact that the governing body of the [t]ownship, the [b]oard of [s]upervisors, was required to rule separately on each application pursuant to the ... [t]ownship [s]ubdivision and [l]and [d]evelopment [o]rdinance and the .... [t]ownship [z]oning [c]ode, we agree with the [t]ownship that [the applicant] by filing the conditional use application effectively abandoned the subdivision plan application. This abandonment in turn abrogated the mandated time period set forth in Section 508 of the MPC that required the [b]oard of [s]upervisors to rule on the original subdivision plan application by a date certain.

The purpose of the mandatory time period set forth in Section 508 is to protect an applicant from dilatory conduct by the municipality. Therefore, to conclude that the [t]ownship's failure to rule on [the applicant's] original subdivision plan application while a separate application for a conditional use for the same property was pending before the [b]oard of [s]upervisors would permit [the applicant] in this case to manipulate the purpose of the mandated time period in Section 508 of the MPC. The failure of the [t]ownship to rule on [the applicant's] subdivision plan application was not the result of the [t]ownship's dilatory conduct but rather the confusion and protracted proceedings caused by [the applicant's] filing of a separate conditional use application for the same property which, as stated previously herein, was entirely inconsistent with the original subdivision plan.

*Id.* at 1048–49 (citation omitted).

Here, unlike in *Philomeno,* Applicant did not submit inconsistent land develop-ment and zoning applications for the property, nor did it abandon its initial conditional use application through submission of a "new and distinct" application. Rather, Applicant filed its conditional use application and, prior to the hearing in this matter, subsequently provided the information necessary to demonstrate compliance with the Ordinance and obtain conditional use approval. In short, the record reveals no evidence of confusion or delay caused by Applicant. Therefore, *Philomeno* is distinguishable.

▮ Of further note, in the land development context, a municipality has a legal obligation to proceed in good faith in reviewing and processing development plans. *See, e.g., Kassouf v. Twp. of Scott,* 584 Pa. 219, 883 A.2d 463 (2005); *Raum v. Bd. of Supervisors of Tredyffrin Twp.,* 29 Pa.Cmwlth. 9, 370 A.2d 777 (1977). The duty of good faith includes discussing matters involving technical requirements or ordinance interpretation with the applicant, and providing an applicant a reasonable opportunity to respond to objections or to modify plans where there has been a misunderstanding or difference of opinion. *Raum.* Similarly, a developer has a reciprocal good faith duty to submit revised plans in a reasonable and timely manner in order to enable a municipality to comply with its duties under Section 508 of the MPC (relating to approval of subdivision plans). *Kassouf; Abarbanel v. Solebury Twp.,* 132 Pa.Cmwlth. 326, 572 A.2d 862 (1990).

We do not believe a good faith review duty impacts a municipality's threshold obligation to refuse a zoning application so incomplete that ordinance compliance cannot be determined. Where a municipality receives an incomplete application that precludes meaningful review, it should act clearly and without delay. Therefore, if Borough Council here believed the applica-

tion submitted by Applicant was incomplete, it had an obligation under its Ordinance to refuse to accept it. Once an application is accepted and retained, the time limitations of the MPC govern. Further, after application acceptance, technical requirements and interpretations may be addressed collaboratively as ordinance compliance is assessed.

■ Borough Council and Objector also argue Applicant's representative's statement, as recorded in the July 20, 2005 Planning Commission meeting minutes, indicates Applicant agreed to an extension of the 60–day hearing requirement.

With regard to an applicant's agreement to an extension of the MPC statutory time periods for hearings in the MPC, in *Wistuk*, our Supreme Court recently held that some affirmative action by the applicant was necessary, and mere silence in response to an announced schedule was insufficient to satisfy the statutory requirement of agreement.

Here, Borough Council and Objector point to the following excerpt of the Planning Commission meeting minutes:

> [The Borough Planner] suggested a meeting with [the Borough Engineer], [Applicant's representative] and himself to work out some of the details. [Borough] Council is required to hold a hearing within 60 days. If all the details don't work out, [the Borough Planner] said he was sure that [A]pplicant would be willing to grant an extension. [Applicant's representative] said okay, great.

R.R. at 7a. Borough Council and Objector assert Applicant's representative's statement indicated he agreed to an extension of the 60–day time period.

This argument lacks merit, for several reasons. First, it is not clear that Applicant's representative agreed to an extension, as opposed to a meeting with the Borough Planner and Engineer. Second, the Borough Planner did not state that an extension was requested at that time; rather, he indicated that in the future an extension may be needed. Third, the length of any extension was not established, rendering the subject too indefinite to be enforced. Given our Supreme Court's recent admonition that solicitors obtain clear extension agreements on the record, the current claim that the 60–day period was extended for some unknown time by an ambiguous agreement fails. *Wistuk.*

Moreover, while not addressed by the parties (because it was decided after the briefs were filed in this matter), our recent decision in *Southeastern Chester County Refuse Authority (SECCRA) v. Board of Supervisors of London Grove Township*, 954 A.2d 732 (Pa.Cmwlth.2008), does not compel a different result here. There, we held an applicant effectively waived, by its affirmative on-the-record conduct, its right to assert a deemed approval based on a local governing body's failure to hold a hearing within 60 days of the filing of a conditional use application. In that case, the applicant did not expressly agree to an extension; however, at the initial hearing the applicant requested a continuance and then proceeded to participate in 18 hearings, on the record, spanning more than 16 months. We stated, "[s]uch active participation, which goes well beyond mere attendance, is inconsistent with an intention to stand on the right to a deemed approval and constitutes an implicit, on-the-record agreement to continue with the hearing process, despite the lateness of the initial hearing." Op. at 738.

Here, unlike in *SECCRA*, Applicant's on-the-record conduct does not constitute a waiver of its right to assert a deemed approval. To the contrary, at the outset of the single hearing in this case, Applicant

asserted the 60–day period in which to hold a hearing expired, and Applicant further asserted it did not wish to waive its right to a deemed approval. In addition, unlike in *SECCRA*, here Applicant did not continue to participate in hearings over a lengthy period. Rather, Applicant asserted its right to a deemed approval and, when that was denied, then put on evidence at one hearing to demonstrate compliance with the conditional use requirements. In short, in this case there is no affirmative statement indicating Applicant agreed to an extension in writing or on the record.

■ Finally, Borough Council and Objector argue that upon the grant of the deemed approval the trial court erred in not issuing findings as to the merits of Applicant's conditional use application. They contend the case should be remanded so that the trial court may consider whether Applicant met its burden of proving its proposed use is permissible under the Ordinance. This argument fails.

■ Here, the appeal before the trial court was filed by Applicant. Through its appeal, Applicant argued it was entitled to a deemed approval.[4] Alternatively, Applicant asserted Borough Council erred in determining Applicant had not met its burden on its conditional use application. The trial court determined a deemed approval occurred because the Board did not hold a timely hearing. As a result, the trial court did not consider whether Applicant met the burden on its conditional use application. In addition, based on its determination that a deemed approval occurred, the

trial court ordered the parties post the property as "deemed approved," thereby allowing all interested persons an opportunity to file an appeal on the merits of the application. No error is apparent in the trial court's decision.

In *Magyar*, this Court explained:

Section 1002–A of the MPC provides, as relevant:

All appeals from all land use decisions ... shall be taken to the court of common pleas of the judicial district wherein the land is located and *shall be filed* within 30 days after entry of the decision as provided in 42 Pa.C.S. § 5572 (relating to time of entry of order) or, *in the case of a deemed decision, within 30 days after the date upon which notice of said deemed decision is given as set forth in [S]ection 908(9)* ....

53 P.S. § 11002–A (emphasis added). Construing this provision, this Court explained, "a deemed approval, at least in the zoning context, is not self-effectuating; *either the municipality or the developer must give public notice of the deemed approval, and it is from this notice that the time for appeal ... from a deemed approval begins to run under Section 1002–A.*" [*Peterson v. Amity Twp. Bd. of Supervisors,* 804 A.2d 723, 728 (Pa.Cmwlth.2002) (footnotes omitted) (emphasis added).]

Here, [the applicants] chose to pursue a statutory appeal of the Board's decision denying their special exception application in order to establish the exis-

4. At oral argument, Borough Council asserted the trial court applied an improper standard of review. Specifically, Borough Council argued that, in order to effectuate a deemed approval, Applicant should have filed a mandamus action rather than taken a land use appeal. Because this issue was not raised either before the trial court or in Borough

Council's brief to this Court it is waived. Nevertheless, we note that, an applicant may file a statutory appeal *or* a mandamus action to determine the existence of a deemed approval. *Magyar; H.A. Steen Indus., Inc. v. Zoning Hearing Bd. of Borough of Folcroft,* 113 Pa.Cmwlth. 615, 538 A.2d 95 (1988). As such, we discern no merit in this assertion.

tence of the deemed approval. The trial court ultimately determined a deemed approval occurred because the Board failed to hold a timely hearing. Despite obtaining a judicial determination that a deemed approval occurred, neither the Board nor [the applicants] provided public notice of the deemed approval as required by Sections 908(9) and 1002–A of the MPC. Therefore, the 30–day period in which to appeal the deemed approval was not triggered. *Peterson.* ...

*Id.* at 127–28.

Based on *Magyar,* the trial court properly ordered the posting of the property. After the grant of the deemed approval, if the merits of the application are appealed to the trial court, at that time the trial court must make its own findings. Indeed, in *Gryshuk,* this Court held when a deemed approval occurs, a board's findings are nullified and the trial court is required to make its own findings.

As noted above, the trial court accepted Applicant's argument that a deemed approval occurred here and, as a result, it did not reach the merits of Borough Council's action. In fact, pursuant to *Gryshuk,* once a deemed approval is granted, Borough Council's findings are rendered irrelevant. The trial court then ordered the property posted, triggering the appeal period for interested persons to challenge the merits of the conditional use application. If such appeal occurs, the trial court would be obligated to review the merits of the application and issue its own findings of fact and conclusions of law. *Gryshuk.* To that end, while Borough Council lacks standing to appeal the deemed approval of Applicant's conditional use application, the deemed approval that occurred as a result of Borough Council's delay *is* subject to appeal by Objector.[5] *See Bd. of Supervi-*

*sors of E. Rockhill Twp. v. Mager,* 855 A.2d 917 (Pa.Cmwlth.2004). Therefore, the Borough's delay does not have a preclusive effect on Objector's ability to challenge the substantive merits of the conditional use application. *See Gryshuk,* 685 A.2d at 631 ("a deemed zoning board approval no more cuts off the right to an appeal on the merits than would a timely board decision approving an application.")

Based on the foregoing, we affirm.

Judge SMITH–RIBNER dissents.

### ORDER

AND NOW, this 10th day of October, 2008, the order of the Court of Common Pleas of Lackawanna County is **AFFIRMED.**

---

5. In its brief, Applicant asserts Objector did, in fact, file an appeal with the trial court on

July 17, 2007, and the appeal remains pending.