# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gaughen LLC,                                  :
                            Appellant         :
                                              :
            v.                                : No. 750 C.D. 2014
                                              : No. 2129 C.D. 2014
Borough Council of the Borough                : Argued: September 14, 2015
of Mechanicsburg                              :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION BY**
**SENIOR JUDGE COLINS**                        **FILED:  November 20, 2015**


These are consolidated appeals from orders of the Cumberland County Court of Common Pleas (trial court) denying deemed approval of a land development plan.  For the reasons set forth below, we reverse.

On November 26, 2008, plaintiff Gaughen LLC (Developer) submitted a land development plan to the Borough Manager of the Borough of Mechanicsburg (Borough) seeking approval for a five-unit apartment complex under the Borough's Subdivision and Land Development Ordinance (SALDO). (Trial Court Rule 1925 Opinion at 1 ¶1 and at 4; Trial Court Finding of Fact (F.F.) ¶1, Reproduced Record (R.R.) at 472a; Trial Court 11/4/14 Order, R.R. at 576a; Trial Transcript (N.T.) at 13-16, R.R. at 46a-49a; Ex. D-6, R.R. at 290a.) Developer submitted this plan as both a preliminary and a final plan, requesting a waiver of the SALDO's two-step preliminary and final plan process based on the small size of the project, and also requested waivers of several Borough Stormwater Ordinance requirements.  (N.T. at 34, R.R. at 67a; D-Ex. 6, R.R. at 290a; Ex. D-7, R.R. at 291a-292a.)

Section 22-402 of the Borough's SALDO provided:

Submission of Plan, Time Limits and Public Hearings.

1. Preliminary and final plans for all proposed subdivisions of land within the Borough shall be filed with the Planning Commission through the Borough Manager.

2. No application shall be considered as filed for the purpose of this Chapter unless the same conforms in every respect to the requirements of this ordinance. The acceptance of an application by a Borough official does not waive the requirement that it conforms in every respect to this ordinance.

3. Preliminary and final plans shall each be acted on by the Borough Council and the decision shall be in writing and shall be communicated to the applicant or mailed to him at last known address within 90 days from the date such application is filed in the office of the Borough Manager.

4. It is the intent of these regulations to provide for complete and thorough review of all proposed subdivisions. Therefore, an extension of time of 20 days may be requested from the subdivider in the case of subdivisions or land developments which, in the opinion of the Planning Commission, will require additional review time. Efforts will be made to request and obtain such extension at the time of the submission of the preliminary or final plan. However, an extension may be requested at any time during the review process.

(SALDO § 22-402, R.R. at 219a-220a) (emphasis added).

The Borough's SALDO provided for deemed approval if the 90-day deadline for Borough Council action was not met. Section 22-403 of the SALDO, governing preliminary plans, stated:

11. Failure of the Borough Council to act on the preliminary plan submission and to notify the applicant of its action within 90 days of their receipt of said submission shall constitute an automatic approval.

(SALDO §§ 22-403(11), R.R. at 222a.)  Section 22-404 of the SALDO, governing final plans, likewise provided:

> 10. Failure of Borough Council to act on the final plan submission and to notify the applicant of its action within 90 days of the filing of said plan with the Borough Manager shall constitute automatic approval.

(SALDO § 22-404(10), R.R. at 224a.)  The Municipalities Planning Code (MPC)[1] also imposes a 90-day deadline for a municipality to act on applications for approval of land development plans under its SALDO and provides for deemed approval if the governing body fails to act within that period or within an extension granted by the applicant in writing.  Section 508(3) of the MPC, 53 P.S. § 10508(3).  Under the MPC, however, the 90-day period does not run from the date the application or plan was filed.  Instead, the MPC's deadline runs from the date of the first regular meeting of the governing body or planning agency that conducts the initial review of such applications, if there is such a meeting within 30 days after the application is filed, or from the 30th day after the application was filed, whichever is earlier.  53 P.S. § 10508.

On December 10, 2008, the Borough engineer issued a memorandum that noted that Developer's plan did not comply with certain provisions of the Borough's Zoning Ordinance, SALDO, and Stormwater Ordinance.  (Trial Court Rule 1925 Opinion at 2 ¶3; Trial Court F.F. ¶3, R.R. at 472a; N.T. at 20-21, 93-97, R.R. at 53a-54a, 126a-130a; Ex. P-19/D-12, R.R. at 318a-320a.)  This memorandum, which was provided to Developer, set forth the following comments with respect to the SALDO's requirements:

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

3

1. Show zoning on and adjacent to proposed land development (22-502.3.R).
2. Plans shall be drawn at a Scale of 1"=50' (22-503.3). Add to waiver list if requested.
3. Plans shall be signed by the property owner and notarized (503.4.B).
4. Cumberland County Planning Commission shall review the plan (22-503.4.E).
5. Provide a landscape plan with proposed landscaping meeting the requirements of Section 22-604.6.D.
6. Proposed easements with a minimum width of 20 feet shall be provided for common utilities over undedicated land (22-611).
7. Municipal Authority and School Board shall review plan and submit report. (22-403.4[)]
8. Provide permanent property boundary reference monuments. (22.503.3.S.)

(Ex. P-19/D-12, R.R. at 318a.)

The Mechanicsburg Planning Commission (Planning Commission) met in a regularly scheduled meeting on December 10, 2008, and discussed Developer's plan and some of the Borough engineer's comments. (N.T. at 20-22, 97-98, 123-24, R.R. at 53a-55a, 130a-131a, 156a-157a; Ex. D-13, R.R. at 321a-323a.) The minutes of that meeting show that two of the Borough engineer's comments concerning SALDO compliance were discussed and that the Borough engineer withdrew one of those comments. (Ex. D-13, R.R. at 321a-323a.) The Planning Commission Chairman asked Developer if it wanted to withdraw the plan based on zoning issues discussed at the meeting, and the Planning Commission tabled the plan at the request of Developer's engineer. (Trial Court Rule 1925 Opinion at 2 ¶4; Trial Court F.F. ¶4, R.R. at 472a; N.T. at 22, 47, 123-24, R.R. at 55a, 80a, 156a-157a; Ex. D-13, R.R. at 323a.) In January 2009, Developer's engineer met with the Borough engineer and Borough officials to discuss issues

4

concerning the plan. (N.T. at 48, 99, R.R. at 81a, 132a.) Developer submitted no revised plan to the Borough. (N.T. at 57, R.R. at 90a.)

The 90-day period from November 26, 2008, the date that Developer submitted its plan, ended on February 24, 2009. The Borough Council did not act on Developer's plan on or before February 24, 2009. (Trial Court Rule 1925 Opinion at 4; N.T. at 118, R.R. at 151a.) The Borough never notified Developer that it considered Developer's application to be incomplete or not filed. (N.T. at 22-23, 107, R.R. at 55a-56a, 140a.) On February 18, 2009, the Borough sent Developer a letter representing that Developer's application date was December 10, 2008 and that the deadline for the Borough to act on the plan was March 10, 2009, and advising that the Borough Council would take action on the plan at its March 3, 2009 meeting unless Developer offered an extension of the review period. (Trial Court Rule 1925 Opinion at 2 ¶¶5-6; Trial Court F.F. ¶¶5-6, R.R. at 472a-473a; Ex. D-16, R.R. at 314a-315a; N.T. at 23, 48-50, R.R. at 56a, 81a-83a.) The Borough's letter stated that "[t]ypically, extensions are given in ninety (90) day increments" and enclosed an extension form that the Borough requested that Developer complete and submit by February 25, 2009. (Ex. D-16, R.R. at 314a-315a.)

On February 23 and 25, 2009, Borough administrative assistant Patricia Hammaker telephoned Developer's principal, Kevin Gaughen, concerning the February 18, 2009 letter, but did not succeed in reaching him. (Trial Court Rule 1925 Opinion at 2 ¶¶7-8; Trial Court F.F. ¶¶7-8, R.R. at 473a; N.T. at 109, 111-14, R.R. at 142a, 144a-147a.) Following her unsuccessful attempts to reach Mr. Gaughen, Ms. Hammaker telephoned the Developer's engineer and told him that Developer's plan would be denied at the March 3, 2009 Borough Council meeting unless an extension was granted. (Trial Court Rule 1925 Opinion at 2

5

¶10; Trial Court F.F. ¶10, R.R. at 473a; N.T. at 112-14, 124-25, R.R. at 145a-147a, 157a-158a.) In response, on February 25, 2009, Developer's engineer signed and faxed the Borough an extension of time until June 10, 2009 to act on the plan. (Trial Court Rule 1925 Opinion at 2 ¶11; Trial Court F.F. ¶11, R.R. at 473a; Ex. D-18, R.R. at 332a-333a; N.T. at 124-26, R.R. at 157a-159a.)

On May 15, 2009, the Borough sent a letter to Developer stating that the Borough Council would take action on the plan at its June 2, 2009 meeting unless Developer offered an additional extension of the review period. (Trial Court Rule 1925 Opinion at 2 ¶14; Trial Court F.F. ¶14, R.R. at 473a-474a; Ex. D-23, R.R. at 342a; N.T. at 57, R.R. at 90a.) No further extension was granted by Developer, and on June 2, 2009, the Borough Council voted to deny Developer's plan. (Trial Court Rule 1925 Opinion at 3 ¶15; Trial Court F.F. ¶15, R.R. at 474a; Ex. D-39, R.R. at 348a; N.T. at 132, R.R. at 165a.) On June 9, 2009, the Borough notified Developer that the plan was denied, stating as the reasons for the denial each of the Zoning Ordinance, SALDO, and Stormwater Ordinance comments in the Borough engineer's December 10, 2008 memorandum, including the SALDO comment withdrawn at the Planning Commission meeting, and six deficiencies noted by Cumberland County's planning commission. (Trial Court Rule 1925 Opinion at 3 ¶16; Trial Court F.F. ¶16, R.R. at 474a; Ex. D-24, R.R. at 350a-352a; Ex. D-13, R.R. at 322a; N.T. at 133, R.R. at 166a.)

On December 1, 2009, Developer filed a mandamus action seeking a deemed approval, contending that the plan was deemed approved under the Borough's SALDO because the Borough Council failed to act by February 24, 2009 and, alternatively, that the plan was deemed approved under the MPC because Developer did not agree to the February 25, 2009 extension and the Borough Council failed to act by March 10, 2009, the 90th day after the Planning

6

Commission's first meeting on the plan. (Docket Entries, R.R. at 1a; Amended Complaint, R.R. at 7a-11a.) On March 10, 2014, the trial court held a one-day, nonjury trial, at which Mr. Gaughen, Ms. Hammaker, the Borough engineer, Developer's engineer, and the Borough Manager testified, and the parties introduced in evidence the SALDO and documents concerning Developer's filing of its plan, the Borough's actions on the plan and the extension of time. While many of the facts were undisputed, the parties presented conflicting testimony concerning the Borough's extension request and whether Mr. Gaughen spoke to Ms. Hammaker before February 25, 2009 and told her that he did not approve the extension. (N.T. at 23-25, 109, 111-14, R.R. at 56a-58a, 142a, 144a-147a.)

Following the trial, the trial court made findings of fact, and on April 2, 2014, entered an order setting forth conclusions of law, dismissing Developer's claims with prejudice and entering judgment in favor of the Borough. (N.T. at 162-64, R.R. at 195a-197a; Trial Court F.F., R.R. at 472a-474a; Trial Court 4/2/14 Memorandum and Order, R.R. at 501a.) The trial court held that if the SALDO deadlines and deemed approval provisions applied, Developer's plan would be deemed approved on February 24, 2009, before any extension of the review period was obtained by the Borough. (Trial Court Rule 1925 Opinion at 4.) The trial court, however, ruled that the SALDO deadlines never began to run and its deemed approval provisions did not apply because Developer's plan "did not conform in every respect to the requirements of the Defendant's Subdivision and Land Use Ordinance" and therefore could not be treated as filed under SALDO § 22-402(2). (Trial Court 4/2/14 Memorandum and Order Conclusion of Law (C.L.) ¶1, R.R. at 501a; Trial Court Rule 1925 Opinion at 3-6.) The trial court held that under Section 508 of the MPC, the 90-day deadline for action on the plan began to run on December 10, 2008, when the Planning Commission met, and that the Borough

7

Council therefore had until March 10, 2009 to act before a deemed approval occurred. (Trial Court Rule 1925 Opinion at 3, 6; Trial Court 4/2/14 Memorandum and Order C.L. ¶¶2-3, R.R. at 501a.) The trial court found that Ms. Hammaker's testimony concerning the request for an extension was credible and that Developer's engineer had authority to grant the extension to June 10, 2009, and, accordingly, concluded that the Borough's denial of the plan occurred before any deemed approval under the MPC. (Trial Court Rule 1925 Opinion at 2 ¶¶7-10, at 3 ¶4, at 7-8; Trial Court F.F. ¶¶7-10, R.R. at 473a; Trial Court 4/2/14 Memorandum and Order C.L. ¶4, R.R. at 501a.)

Developer timely filed a motion for post-trial relief and also timely filed a notice of appeal from the April 2, 2014 order. This Court entered an order authorizing the trial court to adjudicate the post-trial motion pursuant to Pa. R.A.P. 1701(b)(5) and staying the appeal until the trial court ruled on the post-trial motion. On November 4, 2014, the trial court issued an order denying the post-trial motion, in which it modified one of its findings of fact, but reaffirmed its other findings and its conclusions of law. (Trial Court 11/4/14 Order, R.R. at 576a.) Developer timely appealed the denial of its post-trial motion, and this Court consolidated the two appeals and lifted the stay.[2]

---

[2] In our order consolidating the appeals and lifting the stay, this Court directed that the parties address whether post-trial motions were required in this action. We conclude that post-trial motions were required and that the appeal from the trial court's November 4, 2014 denial of Developer's post-trial motion, docketed as No. 2129 C.D. 2014, is the appeal that is properly before us. Although post-trial motions are not required in appeals from the final adjudications or determination of local agencies, Pa. R.C.P. No. 227.1(g), post-trial motions are required in mandamus actions. *Borough Council for Borough of Millbourne v. Bargaining Committee of Millbourne Borough Police*, 531 A.2d 565 (Pa. Cmwlth. 1987); *Carroll v. Decker*, (Pa. Cmwlth. No. 1401 C.D. 2012, filed January 29, 2013), 2013 WL 3960891. This action was brought as a mandamus action, not as an appeal from the Borough Council's denial of Developer's plan. Mandamus was an appropriate vehicle for Developer to assert its claim of deemed approval. *Philomeno & Salamone v. Board of Supervisors of Upper Merion Township*, 966 A.2d 1109,

**(Footnote continued on next page…)**

In this appeal,[3] there is no dispute that Developer's plan was deemed approved on February 24, 2009, if the plan was "filed" under the SALDO on November 26, 2008, the date that it was filed with the Borough Manager. (Trial Court Rule 1925 Opinion at 4.) The SALDO required that the Borough Council act on a plan within 90 days of the date that it "is filed in the office of the Borough Manager." SALDO § 22-402(3). A SALDO may impose shorter deadlines than the MPC. 53 P.S. § 10508 (applications for approval of land development plans "shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance"). While failure to adhere to a SALDO deadline does not result in deemed approval unless the SALDO provides for deemed approval, *LVGC Partners, LP v. Jackson Township Board of Supervisors*, 948 A.2d 235, 237-38 (Pa. Cmwlth. 2008), here, the Borough's SALDO expressly provided for deemed approval if the Borough Council failed to act before its 90-day deadline expired. SALDO §§ 22-403(11), 22-404(10). There is no dispute the 90-day period from November 26, 2008 expired on February 24, 2009, and that the Borough Council neither acted on Developer's plan nor obtained any extension of time until after February 24, 2009.

**(continued…)**
1110 (Pa. 2009); *Lehigh Asphalt Paving & Construction Co. v. Board of Supervisors of East Penn Township*, 830 A.2d 1063, 1070 (Pa. Cmwlth. 2003); *Penllyn Lands v. Board of Supervisors of Lower Gwynedd Township*, 638 A.2d 332, 333 (Pa. Cmwlth. 1994).

[3] Our review in a mandamus action is limited to determining whether the trial court abused its discretion or committed an error of law. *Gibraltar Rock, Inc v. New Hanover Township Zoning Hearing Board*, 68 A.3d 1012, 1017 n.10 (Pa. Cmwlth. 2013). The issues on which we rule in this appeal, the interpretation of the SALDO's language and the legal effect of the Borough's failure to assert that Developer's application was incomplete, are questions of law as to which the standard of review is *de novo* and the scope of review is plenary. *Philomeno & Salamone*, 966 A.2d at 1111; *Kohl v. New Sewickley Township Zoning Hearing Board*, 108 A.3d 961, 968 (Pa. Cmwlth. 2015).

Rather, the trial court ruled that the SALDO deadline did not apply because Developer's plan was never validly filed under the SALDO, given Section 22-402(2) of the SALDO, providing that "[n]o application shall be considered as filed for the purpose of this Chapter unless the same conforms in every respect to the requirements of this ordinance" and that "acceptance of an application by a Borough official does not waive the requirement that it conforms in every respect to this ordinance." SALDO § 22-402(2).

Developer does not dispute that its plan failed to fully comply with all requirements for approval under the SALDO, but argues that Section 22-402(2) only required conformity with filing requirements before a plan may be considered "filed" and the 90-day deadline begins to run, and contends that it complied with all filing requirements when it submitted its plan on November 26, 2008 because it paid the required filing fee and submitted the required number of copies of the plan. Developer also argues that the Borough was barred from asserting that the plan was not filed on November 26, 2008 because the Borough reviewed the plan, treated it as filed, and never asserted that the plan was incomplete or not filed until after the review period expired.[4]

_____

[4] Developer also argues that even if the SALDO deadline did not apply and the Borough was not required to act by February 24, 2009, the extension of time until June 10, 2009 was invalid on the grounds that its engineer lacked authority to grant an extension and on the ground that the extension exceeded the maximum 20 days permitted under Section 22-402(4) of the SALDO. Because of our conclusion below, we need not resolve these issues. We note, however, that Developer's contention that its engineer lacked authority to grant the extension was a credibility issue that the trial court resolved in the Borough's favor. Developer's counsel conceded at trial that its engineer had general authority to grant an extension if the deemed approval deadline had not already passed and asserted that he lacked such authority only because Developer's principal had advised Ms. Hammaker on February 24, 2009 that he did not agree to the extension. (N.T. at 165, R.R. at 198a.) The trial court found Ms. Hammaker's testimony that she did not speak to Developer's principal about the extension credible and rejected Developer's principal's testimony that he told her that he would not agree to an extension. (Trial Court Rule 1925 **(Footnote continued on next page…)**

We agree with Developer that Section 22-402(2) requires conformity only with the SALDO's formal filing requirements before a plan may be considered filed, and that it does not require conformity with all substantive SALDO requirements as a prerequisite to filing. Interpretation of the Borough's SALDO is governed by the rules of statutory construction. *Kohl v. New Sewickley Township Zoning Hearing Board*, 108 A.3d 961, 968 (Pa. Cmwlth. 2015); *In re Holtz*, 8 A.3d 374, 378 (Pa. Cmwlth. 2010). Section 22-402(2) is ambiguous and unclear as to its meaning. It states that an "application" is not filed unless it "conforms in every respect to the requirements of this ordinance" and "conforms in every respect to this ordinance," SALDO § 22-402(2), not that a plan must meet all requirements for approval under the SALDO before it may be considered filed. Moreover, as the trial court noted (Trial Court Rule 1925 Opinion at 5), the SALDO does not set forth any requirements for an "application." When the words of an ordinance are not clear, the rules of statutory construction direct us to consider the object to be attained by the provisions in question, the consequences of a particular interpretation and whether such an interpretation would produce a result that is absurd or unreasonable. 1 Pa. C.S. § 1921(c)(4), (6); 1 Pa. C.S. § 1922(1); *Newtown Square East, L.P. v. Township of Newtown*, 101 A.3d 37, 42

---

**(continued…)**
Opinion at 2 ¶¶7-10, at 7-8.) The trial court has exclusive province over matters involving the credibility of witnesses, and this Court is prohibited from making contrary credibility determinations or reweighing the evidence in order to reach an opposite result. *In re Sullivan*, 37 A.3d 1250, 1256 (Pa. Cmwlth. 2012); *Chartiers Valley Industrial & Commercial Development Authority v. Allegheny County*, 963 A.2d 587, 593 (Pa. Cmwlth. 2008). Contrary to Developer's assertions, there was no disregard of evidence; the trial court fully considered both witnesses' testimony and the documentary evidence.

11

(Pa. 2014); *In re Holtz*, 8 A.3d at 378; *Rodier v. Township of Ridley*, 595 A.2d 220, 222-23 (Pa. Cmwlth. 1991).

Construing Section 22-402(2) as requiring that a plan be in conformity with all substantive requirements for approval under the SALDO before it can be considered filed and the deadlines for action on it can run is contrary to the purpose of both filing requirements and deemed approval provisions. The purpose of filing requirements for a land use application is to ensure that the municipality has the material that it needs to conduct a meaningful review and make a determination whether the applicant's plan complies with its ordinance, not to prevent the filing of applications for plans that do not meet all ordinance requirements for approval. *Nextel Partners, Inc. v. Clarks Summit Borough/Clarks Summit Borough Council*, 958 A.2d 587, 593 (Pa. Cmwlth. 2008). The purpose of deemed approval provisions is to ensure orderly disposition of land use applications and protect applicants from delay by municipalities, not to limit what plans may be approved. *Gibraltar Rock, Inc. v. New Hanover Township Zoning Hearing Board*, 68 A.3d 1012, 1019 (Pa. Cmwlth. 2013); *Rodier*, 595 A.2d at 223.

Moreover, construing the deadline for deemed approval as running only where the substantive requirements for approval are satisfied is inconsistent with the nature of a deemed approval. The merits of the application are irrelevant to a deemed approval. *Gibraltar Rock, Inc.*, 68 A.3d at 1018. Deemed approvals are disfavored precisely because they can result in approvals of land uses that do not comply with local ordinances. *LVGC Partners, LP*, 948 A.2d at 237. Accordingly, construing the SALDO's deemed approval provisions as operating only where the plan meets all requirements for approval under the SALDO is not a reasonable interpretation of the ambiguous language of Section 22-402(2). The trial court thus erred in holding that failure of Developer's plan to fully conform

12

with all of the SALDO requirements, including substantive requirements for approval, prevented it from being filed and suspended the deadline for the Borough Council to act.

Our conclusion that Section 22-402(2) requires conformity only with the SALDO's filing requirements, however, does not resolve the issue of whether Developer's plan was validly filed under the SALDO. Contrary to Developer's contentions, the SALDO's filing requirements were not limited to a filing fee and a required number of copies of documents labeled as a "plan." Sections 22-502 and 22-503 of the SALDO set forth, respectively, requirements for what information must be included in or provided with preliminary plans and final plans. (SALDO §§ 22-502, 22-503, R.R. at 228a-232a.) The SALDO provisions governing the procedure for seeking approval of preliminary plans and final plans specifically required compliance with Sections 22-502 and 22-503. (SALDO §§ 22-403(1), 22-404(5), R.R. at 220a, 223a.) The requirements of Sections 22-502 and 22-503 concerning what must be submitted and what a plan must contain were therefore filing requirements to which Section 22-402(2) applied.

The deficiencies listed in the Borough engineer's memorandum are not limited to substantive flaws, but also included one assertion of noncompliance with a requirement of Section 22-502 for preliminary plans and several assertions of noncompliance with the final plan requirements of Section 22-503. (Ex. P-19/D-12, R.R. at 318a ¶¶1-3, 8.) Unfortunately, the record contains no findings or evidence as to whether Developer's plan in fact failed to comply with those requirements. The positions of the parties at trial did not focus on which provision or provisions of the SALDO the plan failed to satisfy. Rather, Developer argued that Section 22-402(2) did not apply where the applicant paid the required filing fee and submitted the requisite number of copies of the plan and other required

13

documents, and contended that it satisfied those requirements. (N.T. at 10, R.R. at 43a; Plaintiff's Trial Brief at 13-14, R.R. at 487a-488a.) The Borough, in contrast, argued that completeness of the application was not sufficient to permit a plan to be treated as filed and that Section 22-402(2) prevented filing unless there was total conformity to all SALDO requirements, including approval requirements. (N.T. at 11, 158, R.R. at 44a, 191a.) Consequently, the trial court did not address whether particular deficiencies were shown, but held, instead, that Developer's plan was not filed under the SALDO because it "did not conform in every respect" to all SALDO requirements. (Trial Court 4/2/14 Memorandum and Order C.L. ¶1, R.R. at 501a; Trial Court Rule 1925 Opinion at 3-6.)

Moreover, the evidence in the record is insufficient to determine whether Developer's plan failed to comply with the requirements of Sections 22-502 and 22-503 noted in the Borough engineer's memorandum. Although Developer marked the plan as an exhibit, P-6, and included it in the book of trial exhibits that it provided to the court, neither party introduced that exhibit into evidence at trial. (Plaintiff's Exhibit Book; N.T. at 3-4, 159-61, R.R. at 36a-37a, 192a-194a.) The Borough engineer testified unequivocally that in his opinion the plan did not comply with the Borough's Zoning Ordinance and Stormwater Ordinance, but with respect to compliance with the SALDO, he testified only that his memorandum listed sections of the SALDO with which the plan did not comply and did not express an opinion that whether the plan complied with those sections. (N.T. at 90-97, R.R. at 123a-130a.)[5] We need not resolve which party

---

[5] The Borough also argues that the plan was not filed on November 26, 2008 because Developer did not pay the full filing fee when it submitted its plan. The record is likewise inadequate on this issue. Developer paid a filing fee of $120 at the time it submitted its plan. (N.T. at 16-17, R.R. at 49a-50a; Ex. D-6, R.R. at 290a; Ex. P-7, R.R. at 306a.) While the Borough advised Developer after November 26, 2008 that the fee was $150 and Developer paid an additional $30

**(Footnote continued on next page…)**

bears the consequence of this failure of proof, however, because we agree with Developer that the Borough is barred from asserting that filing deficiencies in Developer's plan prevented the SALDO deadlines from running.

This Court has repeatedly held that acceptance or review of a land use application without asserting that it is incomplete bars a municipality from defending against deemed approval on the ground that the application was never validly filed. *Nextel Partners, Inc.*, 958 A.2d at 592-94; *Lehigh Asphalt Paving & Construction Co. v. Board of Supervisors of East Penn Township*, 830 A.2d 1063, 1071-72 & n.9 (Pa. Cmwlth. 2003); *Rodier*, 595 A.2d at 224; *Township of O'Hara v. DiSilvio*, 413 A.2d 1174, 1178 (Pa. Cmwlth. 1980). If an application does not satisfy the municipality's filing requirements, it is the municipality's duty to notify the applicant that its application is rejected as incomplete and will not be considered. *Nextel Partners, Inc.*, 958 A.2d at 593-94. If the municipality notifies the applicant that the application is rejected as incomplete and offers to return the filing fee, the deadlines for action on the application do not run and no deemed approval can occur. *Gorton v. Silver Lake Township*, 494 A.2d 26, 27-28 (Pa. Cmwlth. 1985); *Grace Building Co. v. Richland Township Board of Supervisors*, (Pa. Cmwlth. No. 1111 C.D. 2009, filed April 15, 2010), slip op. at 7-9, 2010 WL

---

**(continued…)**

on December 2, 2008 (N.T. at 16, 18, R.R. at 49a, 51a; P-Ex. 8, R.R. at 307a), nothing in the record shows that the SALDO required payment of a fee greater than $120 at the time of filing the plan. The SALDO provided that the fee for filing a plan is $25 per plan plus $5 per dwelling unit ($50 for a five-apartment project), with a minimum fee of $75. (SALDO § 22-706(A)(1), R.R. at 266a.) The SALDO also required the owner seeking approval under the SALDO to pay the Borough's engineering and legal fees promptly after the Borough submitted bills for those fees. (SALDO § 22-706(C), R.R. at 266a-267a.) No evidence was introduced as to what the basis was for a $120 or $150 fee and there is no evidence as to whether the amounts requested by the Borough above $75 were part of the required initial filing fee or an estimate of future engineering and legal fees, which would not be required for the initial filing to be complete.

9511358 at *4-*5. If, however, the municipality treats the application as filed, deficiencies in the application do not prevent deemed approval deadlines from running. *Nextel Partners, Inc.*, 958 A.2d at 594.

Accordingly, where a municipality does not advise the applicant that its application has been rejected and will not be considered, the municipality cannot later defeat a deemed approval by arguing that the deadline for action did not run because the application was not properly filed. *Id.* at 591-94; *Lehigh Asphalt Paving & Construction Co.*, 830 A.2d at 1071-72 & n.9; *Rodier*, 595 A.2d at 224; *Township of O'Hara*, 413 A.2d at 1178. "[A] municipality may not rebut a deemed approval by arguing that the application in question was incomplete or inadequate, when it failed to reject the application on those grounds." *Rodier*, 595 A.2d at 224.

Here, the Borough did not reject Developer's plan as not validly filed. Although the Borough notified Developer of deficiencies in the plan, it did not state that the plan was not filed because it was incomplete or advise Developer that these deficiencies prevented the plan from being filed. (N.T. at 22-23, 107, R.R. at 55a-56a, 140a.) At no time did the Borough ever attempt to return Developer's application fee. Instead, it treated the plan as filed and proceeded to review the plan on the merits, raising the assertion that Section 22-402(2) prevented the plan from being filed under the SALDO only after Developer asserted a deemed approval. Nor did the Borough show that the plan became complete at a date later than November 26, 2008 and that its acceptance and treatment of the plan as filed therefore related to a date other than November 26, 2008, the date that the trial court found that the plan was in fact filed. To the contrary, the Borough's defense, accepted by the trial court, was that the plan was never properly filed under the SALDO and that SALDO deadlines never began to run. Because the Borough

16

chose to accept and treat Developer's plan as filed and raised its defense under Section 22-402(2) only after the fact, deemed approval cannot be denied on the ground that Developer's submission of the plan on November 26, 2008 did not constitute filing of the plan under the SALDO. *Nextel Partners, Inc.*, 958 A.2d at 591-94; *Lehigh Asphalt Paving & Construction Co.*, 830 A.2d at 1071-72 & n.9; *Rodier*, 595 A.2d at 224; *Township of O'Hara*, 413 A.2d at 1178.[6]

The Borough argues that this rule does not apply because its SALDO did not require it to reject incomplete applications and expressly provided that "acceptance of an application by a Borough official does not waive the requirement that it conforms in every respect to this ordinance." SALDO § 22-402(2). We do not agree. While the ordinances in *Nextel Partners, Inc.* and *Township of O'Hara* imposed an obligation on the municipality to refuse or object to an incomplete application, *Nextel Partners, Inc.*, 958 A.2d at 592-94; *Township of O'Hara*, 413 A.2d at 1177-78, our decisions in *Lehigh Asphalt Paving & Construction Co.* and *Rodier* were not based on ordinance language imposing a duty on the municipality with respect to incomplete applications. Moreover, our rejection of the municipality's incompleteness defense in *Nextel Partners, Inc.* was not dependent on the ordinance language at issue. Rather, we held that a municipality cannot invoke invalidity of a filing that it had accepted after the fact as a defense to a deemed approval because "a municipality has a legal obligation to proceed in good faith in reviewing and processing development plans," and because, "[w]here a municipality receives an incomplete application that precludes

---

[6] Although Developer timely argued to the trial court that the Borough was barred from asserting that the plan was not filed under the SALDO (Plaintiff's Trial Brief at 11-13, R.R. at 485a-487a; Plaintiff's Post-Trial Motion at 11-12, R.R. at 512a-513a), the trial court did not address this issue at all in its findings of fact, conclusions of law or opinion.

17

meaningful review, it should act clearly and without delay" to notify the applicant that the application has been rejected as incomplete. 958 A.2d at 593.

Section 22-402(2)'s language that "acceptance of an application by a Borough official does not waive" the SALDO's requirements is inapplicable here. Such a non-waiver provision protects the Borough against the claims that an initial erroneous acceptance of a filing prevents the Borough from rejecting an application when it discovers that the application is incomplete, and also protects against claims that acceptance of an application bars the Borough from denying an application for noncompliance with SALDO provisions. Thus, under Section 22-402(2), the initial acceptance of Developer's plan would not have prevented the Borough from rejecting the plan as invalidly filed when it received its engineer's comments on December 10, 2008. The Borough could therefore have notified Developer in December 2008 that the plan was incomplete and would not be considered because of the deficiencies noted by the Borough engineer, and tendered the application fee. Had the Borough done so, neither the SALDO deadlines nor the MPC deadlines would have run and no deemed approval could have occurred. *Gorton*, 494 A.2d at 27-28; *Grace Building Co.*, slip op. at 7-9, 2010 WL 9511358 at \*4-\*5. Likewise, the initial acceptance of the plan as filed did not waive the Borough Council's right to timely deny the plan based on the deficiencies noted in the Borough engineer's letter.

The Borough's conduct, however, was not the mere "acceptance of an application by a Borough official" to which Section 22-402(2) applies. Rather, the Borough chose to treat Developer's plan as filed and proceeded to review it after it knew of the possible deficiencies that could be grounds from rejecting the plan as incomplete. Under our decisions in *Nextel Partners, Inc.*, *Lehigh Asphalt Paving & Construction Co.*, *Rodier*, and *Township of O'Hara*, the Borough was required

18

to notify Developer that its application has been rejected and would not be considered, if the Borough wished to contend that it was not bound by the deadlines for action on that application. Section 22-402(2) did not exempt the Borough from that duty.

For the above reasons, we conclude that the trial court erred in denying deemed approval of Developer's plan. We therefore reverse the trial court's denial of Developer's post-trial motion and remand this case to the trial court for the entry of judgment in mandamus in favor of Developer on its claim for deemed approval under the Borough's SALDO.[7]

_____
JAMES GARDNER COLINS, Senior Judge

Judge Leavitt did not participate in the decision for this case.

---

[7] Developer asserts that it is entitled not only to deemed approval, but also to damages and issuance of permits. Only the issue of deemed approval under the SALDO is before us in this appeal. We therefore do not address whether any additional relief beyond the deemed approval is appropriate or permissible and leave those issues for the trial court to resolve. We note, however, that to the extent that permits have been denied based on zoning issues, the deemed approval here will not entitle Developer to proceed with its project or obtain those permits. A deemed approval under a SALDO does not exempt a land use plan from zoning ordinance requirements or compel the granting of zoning variances. *Telvil Construction Corp. v. Zoning Hearing Board of East Pikeland Township*, 896 A.2d 651, 655 n.6 (Pa. Cmwlth. 2006); *Annand v. Board of Supervisors of Franklin Township, Chester County*, 634 A.2d 1159, 1161-62 (Pa. Cmwlth. 1993).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gaughen LLC,                              :
              Appellant                :
                                             :
              v.                      : No. 750 C.D. 2014
                                           : No. 2129 C.D. 2014
Borough Council of the Borough      :
of Mechanicsburg                          :

# O R D E R

AND NOW, this 20th day of November, 2015, the order of November 4, 2014 of the Court of Common Pleas of Cumberland County in the above-captioned case is REVERSED, and this matter is REMANDED to the Cumberland County Court of Common Pleas for entry of judgment of mandamus in favor of Appellant on its claim that it is entitled to deemed approval of its land development plan under the Borough of Mechanicsburg's Subdivision and Land Development Ordinance.

Jurisdiction relinquished.

_____
JAMES GARDNER COLINS, Senior Judge