IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| The Lamar Companies, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 278 C.D. 2024 |
| | : | |
| The Board of Supervisors of | : | |
| East Whiteland Township | : | Submitted: November 7, 2024 |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                          FILED:  December 17, 2024

Currently before this Court is Appellant The Lamar Companies' (Lamar) appeal regarding the Court of Common Pleas of Chester County's (Common Pleas) March 1, 2024 order. Through that order, Common Pleas denied Lamar's motion for summary judgment and granted Appellee The Board of Supervisors of East Whiteland Township's (Board of Supervisors) cross-motion for summary judgment. In doing so, Common Pleas dismissed Lamar's mandamus action against the Board of Supervisors, via which Lamar had argued that it was entitled to relief because it had perfected the deemed approval of its conditional use application (CU Application) for a digital billboard. We affirm Common Pleas' order in part, reverse it in part, and remand this matter to Common Pleas for further proceedings.

## **I. Background**

On March 6, 2019, Lamar filed [its Supervisors Application] pursuant to Section 200-85 of the East Whiteland Township (Township) Zoning Ordinance . . .

(Zoning Ordinance).[1] Lamar sought approval [of a] permit [authorizing] the installation of a digital, 300[-]square[-]foot per side, double-faced, off-premises advertising sign . . . on a portion of the property located at 49 East Lancaster Avenue, East Whiteland Township, Chester County (UPI 42-4-272) (Property). Lamar is the lessee of the Property. As part of an Addendum to the [CU] Application, Lamar stated:

> The Property is zoned O/BP Office Business Park District. The Property comprises 2.4 acres, is triangular-shaped, and abuts property owned by the Pennsylvania Railroad Company. Existing improvements to the Property include a 19,047 square foot, 3-story office building. This office building is currently unleased and is vacant. The Property also has associated parking, lighting, and landscaping.
>
> * * *
>
> [T]he proposed off-premises sign meets all of the specific criteria of [Zoning] Ordinance Section 200-85 except for subsection E. which requires the off-premises sign to be the sole principal use of the property. . . .

Pursuant to the then current Zoning Ordinance, off-premises signs were permitted as a conditional use, subject to several prerequisite conditions, including:

> Notwithstanding anything contained herein to the contrary, an off-premises sign shall constitute the principal use of the lot upon which it is erected, and such principal use shall constitute the sole principal use of the lot. No off-premises sign shall be erected on any lot upon which another principal use is carried on.

Zoning Ordinance § 200-85.E. Concurrent with the [CU] Application, Lamar filed an application with the Township requesting relief from the . . . Township['s] Zoning Hearing Board (ZHB). The application ([Zoning] Application) sought:

---

[1] East Whiteland Twp., Pa., Zoning Ordinance (2007).

> A variance from Zoning Ordinance Section 200-85.E "Off Premises Sign" to permit an off-premises sign to be located on a lot that has an existing principal use, an office building. The proposed off-premises sign meets all other requirements of the Zoning Ordinance.
>
> Following hearings on July 22, 2019, and September 23, 2019, the ZHB denied the [Zoning] Application on October 28, 2019 (ZHB Decision).
>
> Lamar appealed the ZHB Decision to . . . Common Pleas . . . on November 25, 2019. While the appeal of the ZHB Decision was pending, on January 4, 2020, and January 11, 2020, Lamar published notice of deemed approval [regarding the CU Application] in two newspapers of general circulation pursuant to Section 108 of the Pennsylvania Municipalities Planning Code (MPC), 53 P.S. § 10108[2] (108 Notice). On January 6, 2020, the 108 Notice was posted on the Property.[]

Common Pleas Op., 3/1/24, at 2-4 (cleaned up).[3]

While Lamar's appeal of the ZHB Decision was still pending, it elected to file the aforementioned mandamus action in Common Pleas on February 20, 2020, followed by an amended complaint on March 6, 2020. Therein, Lamar averred that it had agreed in writing to extend the Board of Supervisors' deadline for holding a hearing regarding the CU Application until November 30, 2019, as well as that the Board of Supervisors had failed to convene the hearing by that date. Am. Compl. in Mandamus, ¶¶4-8. Lamar also asserted that it had responded to the Board of Supervisors' inaction by publishing notices in a local newspaper on January 4, 2020,

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of July 4, 2008, P.L. 319.

[3] Common Pleas denied Lamar's appeal of the ZHB Decision on December 11, 2020, after which we affirmed Common Pleas' disposition of Lamar's appeal via an unpublished opinion issued on March 1, 2022. *See In Re: Appeal of the Lamar Cos From the Decision of the Zoning Hearing Bd. of E. Whiteland Township Dated October 29, 2019* (Pa. Cmwlth., No. 1308 C.D. 2020, filed Mar. 1, 2022), 2022 WL 599151. The Supreme Court of Pennsylvania then denied Lamar's petition for allowance of appeal on October 12, 2022.

and January 11, 2020, and by posting the Property with a copy of the notice on January 6, 2020. *Id.*, ¶¶9-10. Accordingly, Lamar argued that its CU Application should be deemed approved as submitted and sought mandamus relief compelling the Board of Supervisors to issue written confirmation to that effect. *Id.*, ¶¶11-14, Wherefore Clause.

The Board answered Lamar's amended complaint on April 15, 2020, after which Lamar and the Board of Supervisors filed their dueling motions for summary judgment on October 13, 2023, and December 11, 2023, respectively.[4] Common Pleas subsequently granted the Board of Supervisors' cross-motion and denied Lamar's motion via an order issued on March 1, 2024. This appeal to our Court followed shortly thereafter.

## II. Discussion

Lamar offers several arguments on appeal in support of its contention that Common Pleas abused its discretion and committed errors of law by denying its motion for summary judgment and granting the Board's cross-motion, which we combine and summarize as follows.[5] First, Common Pleas incorrectly determined that November 30, 2019, marked the beginning of the time period during which the

---

[4] Lamar also filed preliminary objections to the Board of Supervisors' answer with new matter on May 4, 2020, and a motion for peremptory judgment on May 18, 2020. Common Pleas overruled the former and denied the latter via two separate orders that were both docketed on November 5, 2020.

[5] When ruling upon a motion for summary judgment, the trial court must resolve all doubts against the movant, examining the case record in the light most favorable to the non-moving party, and "may grant summary judgment only where the right to such a judgment is clear and free from doubt." *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005). An appellate court may overturn the trial court's disposition of a motion for summary judgment only in the event the lower tribunal committed an error of law; accordingly, our standard of review regarding an order adjudicating such a motion is *de novo* and the scope of our review is plenary. *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 647 (Pa. 2009).

Board was required to convene the CU Application hearing, rather than the end. Lamar's Br. at 13-21, 23-37. Second, Common Pleas improperly concluded that Lamar had consequently failed to perfect the deemed approval by prematurely posting and publishing its deemed approval notices. *Id.* at 21-23.

The relevant statutory law regarding deemed approvals is set forth in the MPC. Per Section 908(1.2) of the MPC, the relevant governing body is required to hold a hearing regarding a zoning-related application "within 60 days from the date of receipt . . . , unless the applicant has agreed in writing to an extension of time." 53 P.S. § 10908(1.2). In the event that a hearing is not held regarding a conditional use application within that 60-day time period, Section 913.2(b)(2) mandates that

> the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time. When a decision has been rendered in favor of the applicant because of the failure of the governing body to meet or render a decision as hereinabove provided, the governing body shall give public notice of the decision within ten days from the last day it could have met to render a decision in the same manner as required by the public notice requirements of this act. If the governing body shall fail to provide such notice, the applicant may do so.

*Id.* § 10913.2(b)(2).[6] This statute's reference to "public notice requirements of this act" in the context of deemed decisions presumably incorporates an analogous portion of Section 908(9), which states:

> When a decision has been rendered in favor of the applicant because of the failure of the board to meet or render a decision as hereinabove provided, the board shall give public notice of said decision within ten days from the last day it could have met to render a decision in the same manner as provided in [Section 908(1)]. If the board shall fail to provide such notice, the applicant may do so.

---

[6] Added by the Act of December 21, 1988, P.L. 1329.

5

*Id.* § 10908(9). In turn, Section 908(1) mandates that

> [p]ublic notice shall be given and written notice shall be given to the applicant, the zoning officer, such other persons as the governing body shall designate by ordinance and to any person who has made timely request for the same. Written notices shall be given at such time and in such manner as shall be prescribed by ordinance or, in the absence of ordinance provision, by rules of the board.

*Id.* § 10908(1).[7] In other words, a deemed approval of a conditional use application cannot be perfected unless the relevant governing body *or* the applicant satisfies all notice-related requirements.

In this instance, Lamar repeatedly agreed, in writing, to extend the Board of Supervisors' deadline for holding a hearing about the CU Application. On March 19, 2019, it sent a letter to the Board, in which it stated, in relevant part: "an extension of the time is provided through and until June 30, 2019[,] for a hearing to be held on the [CU A]pplication submitted to the [Board of Supervisors] on March 6, 2019. . . . Lamar . . . waives until the date of June 30, 2019, the requirements of [S]ections 908(1.2) and 913.2 of the [MPC]." Reproduced Record (R.R.) at 1295a. This was followed by a second letter on June 14, 2019, which read as follows, in relevant part: "an extension of the time is provided through and until September 30, 2019[,] for a hearing to be held on the [CU A]pplication submitted to the [Board of Supervisors] on March 6, 2019. . . . Lamar . . . waives until the date of September 30, 2019, the requirements of [S]ections 908(1.2) and 913.2 of the [MPC]." *Id.* at 1297. Finally, Lamar issued a third letter on August 9, 2019, which explained that

---

[7] Per Section 901 of the MPC, "[a]s used in [Article IX of the MPC, 53 P.S. §§ 10901-10918], unless the context clearly indicates otherwise, the term 'board' shall refer to such zoning hearing board." 53 P.S. § 10901. The Board of Supervisors is the "board" in the context of this matter, by virtue of Section 913.2(b)(2)'s incorporation by reference of Sections 908(1) and 908(9)'s notice requirements.

> [d]ue to the continuance of the zoning hearing [regarding the Zoning Application], an extension of time is provided by [Lamar] through and until November 30, 2019[,] for a hearing to be held on the [CU A]pplication submitted to the [Board of Supervisors] on March 6, 2019. . . . Lamar . . . waives until the date of November 30, 2019, the requirements of [S]ections 908(1.2) and 913.2 of the [MPC].

*Id.* at 1299a.

Common Pleas ruled that, as a matter of law, Lamar's extension letters caused the starting date of the aforementioned 60-day window to be delayed until November 30, 2019, and that this window did not therefore close until January 29, 2020. Common Pleas Op., 3/1/24, at 8-9. We disagree. The plain terms of Lamar's third letter, which it sent to the Board of Supervisors on August 9, 2019, *do not* unmistakably establish that Lamar agreed to completely pause the Board of Supervisors' obligation to hold a hearing within 60 days of receiving the CU Application; rather, those terms show that Lamar *only* agreed to extend the *deadline* for holding that hearing until November 30, 2019. R.R. at 1299a. Common Pleas' ruling to the contrary was thus in error.

The Board of Supervisors asserts that we should nevertheless affirm Common Pleas' order, because Lamar understood that receiving approval of the Zoning Application was a prerequisite for action to be taken on the CU Application, as the relief sought via the former underpinned the relief sought through the latter. Board's Br. at 16-22. In the Board of Supervisors' view, Lamar was fully aware that it could not secure dispensation for the digital billboard through the CU Application alone and, as such, both waived its ability to seek deemed approval thereof and acted with

7

unclean hands by using this mandamus action to effectively sidestep the ZHB's denial of Lamar's Zoning Application. *Id.*[8]

We find the Board of Supervisors' arguments on this point to be somewhat, but not entirely, persuasive. As we have explained in the past, otherwise applicable substantive requirements "are irrelevant to a deemed approval. Deemed approvals are disfavored precisely because they can result in approvals of land uses that do not comply with local ordinances." *Gaughen LLC v. Borough Council of Borough of Mechanicsburg*, 128 A.3d 355, 363 (Pa. Cmwlth. 2015) (citations omitted); *accord Gibraltar Rock, Inc. v. New Hanover Twp. Zoning Hearing Bd.*, 68 A.3d 1012, 1018 (Pa. Cmwlth. 2013) ("The merits of [an] application are irrelevant [in the context of a deemed approval]; a board's inaction will subject it to a writ of mandamus ordering a deemed decision [approving the application]."). Consequently, the putative inadequacies of the CU Application cannot stand as direct impediments to its deemed approval.

*However*, it is *also* true that an applicant can waive its ability to seek a deemed approval via either an express agreement to that effect *or* by conducting themselves in a matter that implicitly establishes such waiver. *See Se. Chester Cnty. Refuse Auth. v. Bd. of Supervisors of London Grove Twp.*, 954 A.2d 732, 736 (Pa. Cmwlth. 2008). Though Lamar certainly did not explicitly agree to waive its ability to seek a deemed approval of its CU Application, there still is record evidence that, when viewed in the light most favorable to the opposing party, creates a genuine issue of material

---

[8] The Board of Supervisors also argues that the ZHB's denial of Lamar's Zoning Application and the subsequent appellate affirmance of that denial collaterally estops Lamar from obtaining mandamus relief in this matter. *See* Board's Br. at 23-24. However, the Board of Supervisors failed to present this argument to Common Pleas at the summary judgment stage. *See* R.R. at 815a-28a (Board's Br. in Opp'n to Lamar's Mot. for Summ. J.); *id.* at 1137a-51a (Board's Br. in Support of Mot. for Summ. J.). We therefore deem this argument waived for purposes of this appeal and decline to address its merits.

fact as to whether it effectively did so. *See*, *e.g.,* R.R. at 961a, 995a (statements from Lamar's counsel indicating that Lamar could not, or would not, move forward on the CU Application without first securing approval of the Zoning Application); *but see id.* at 1299a (letter through which Lamar consented to extend the CU Application hearing deadline until November 30, 2019). Given this, *neither* party was entitled to summary judgment regarding Lamar's mandamus claim.

### III. Conclusion

In accordance with the foregoing analysis, we affirm Common Pleas' March 1, 2024 order in part, to the extent it denied Lamar's motion for summary judgment, and reverse that order in part, to the extent it granted the Board of Supervisors' cross-motion for summary judgment. In addition, we remand this matter to Common Pleas for further proceedings consistent with this opinion.[9]

ELLEN CEISLER, Judge

---

[9] Due to our resolution of this appeal, we decline to address the merits of Lamar's second argument, regarding the adequacy of its deemed approval notices. If Common Pleas ultimately rules that Lamar did not implicitly waive its ability to seek a deemed approval, the lower court must still determine whether Lamar's notices satisfied the requirements imposed upon it through Sections 908(1), 908(9), and 913.2(b)(2) of the MPC; local ordinances; and the Board of Supervisors' rules.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Lamar Companies,          :
           Appellant        :
                            :
    v.                     :    No. 278 C.D. 2024
                            :
The Board of Supervisors of     :
East Whiteland Township      :

# **O R D E R**

AND NOW, this 17th day of December, 2024, it is hereby ORDERED:

1.     The Court of Common Pleas of Chester County's (Common Pleas) March 1, 2024 order is AFFIRMED IN PART, to the extent that order denied Appellant The Lamar Companies' motion for summary judgment;

2.     Common Pleas' March 1, 2024 order is REVERSED IN PART, to the extent that order granted Appellee The Board of Supervisors of East Whiteland Township's cross-motion for summary judgment; and

3.     This matter is REMANDED to Common Pleas for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge